Robbins *v.* Fletcher.

### MARIA ROBBINS *vs.* SIMON T. FLETCHER.

In an action for slander of A. by accusing her of fornication in these words, "A. has had a baby," the words proved were: "We hear bad reports about some of your girls. A. has had a baby. What was Mr. D.'s child crying in the room for, when he and A. were there, and Mrs. D. was away?" *Held*, no variance.

In an action for slander, evidence of the uttering of a similar slander at a later time is competent to show malice.

In an action for slander by accusing the plaintiff of fornication, the defendant, having denied, in his testimony in chief, that he spoke the words alleged, or that he had any ill will towards the plaintiff, may be asked on cross-examination whether he did not, before the time when it was contended that he uttered the words sued on, have a hostile feeling towards a person whom there is evidence that he spoke of as the other party to the offence.

TORT for slander. The declaration alleged that the defendant accused the plaintiff, being a single woman, of the crime of fornication by words substantially as follows: "Maria Robbins" (meaning the plaintiff) "has had a baby." The answer was a general denial.

At the trial in the superior court, before *Putnam*, J., the plaintiff offered as a witness Sarah Hutchins, who testified to a conversation between herself and the defendant as follows: "He said, 'We hear bad reports about some of your girls in the west part of the town.' Said I, 'You do?' He said, 'Yes. Maria Robbins has had a baby.' Said I, 'She has?' Then he said, 'What was Mr. Dowden's child crying in the room for that night when he and Maria were there, and Mrs. Dowden was away?' I told him, I never should believe anything of it till I see something of it myself. Then he said, 'Then you believe I lie.' I made the same answer as before." The witness testified that this was all said in one conversation at one time; that it was all that was said of the plaintiff; and that the witness never heard the defendant speak of the plaintiff at any other time. This testimony was all given without objection. The defendant then asked the judge to rule that these words did not support the declaration, but the judge refused, and ruled that they did support the declaration.

The plaintiff then offered Maria Hodgman as a witness.

Upon her being asked to state what, if anything, she had heard the defendant say about the plaintiff, the defendant objected; but on the statement of the plaintiff's counsel that he desired to prove a repetition of the slander in order to show malice, the judge allowed the witness to answer, and she testified that the defendant said to her, "Did you know that Maria Robbins had a baby?" that she replied, "No;" and that this was the whole conversation, and was all that she had ever heard the defendant say of the plaintiff at any time. The defendant asked the judge to rule that this was not competent evidence to show malice, but the judge ruled that it was competent evidence for that purpose. This conversation was subsequent to the one stated by Sarah Hutchins.

The defendant, on his examination as a witness, having denied that he ever spoke the words charged, or any words about the plaintiff, was asked by his counsel whether, up to the time of the commencement of this suit, he had any ill feeling towards the plaintiff. To this question the plaintiff objected; but the defendant claimed a right to put it on the ground that the defendant would be unlikely to have used the words imputed to him in relation to one against whom he had no ill feeling; the judge allowed the question to be put, and the witness answered that he had not. Upon cross-examination the defendant was asked if, before the time when it was claimed that the words sued upon were uttered, he did not entertain hostile feelings towards Mr. Dowden. The defendant's counsel objected; but the plaintiff claimed the right to ask the question upon cross-examination, and also contended that it would show that the defendant was more likely to utter the words alleged, and would tend to rebut the defendant's testimony in chief. The judge permitted the question to be put, and the defendant answered that before the time when it was claimed that the words were uttered, he had a feeling that he had been wronged by Mr. Dowden.

The jury returned a verdict for the plaintiff for $1250, and the defendant alleged exceptions.

*D. S. Richardson & A. R. Brown,* for the defendant.

*T. H. Sweetser,* (*W. S. Gardner* with him,) for the plaintiff.

CHAPMAN, C. J.   Under our statute (Gen. Sts. *c.* 129, § 87) a declaration in slander is sufficient if it sets forth what crime the plaintiff was accused of, and the substance of the language in which the accusation was made.   The substance of the words stated must be proved at the trial, and they must import the crime stated.   The court properly held that they did so in the present case; and that the utterance of a similar slander at another time was admissible in evidence.   *Baldwin* v. *Soule,* 6 Gray, 321.   It was proper to prove all that the defendant said at the time he uttered the alleged slander, though all his language was not set forth in the declaration.   When he denied that he had any ill feeling towards the plaintiff, the cross-examination in respect to his feelings towards Dowden, whom he had spoken of as the other party to the offence, was properly allowed.

*Exceptions overruled.*