## CORYDON DOWNS *vs.* WILLIAM H. HAWLEY.

The objection that a count in slander, alleging that the defendant accused the plaintiff of a crime, and setting forth the words used, is insufficient, because the words set forth, taken by themselves, impute no crime, and the objection that the count contains more than one cause of action, must be taken by demurrer.

When a single count in slander sets forth two causes of action, the refusal of the court to compel the plaintiff to elect, before the close of his evidence, upon which cause he will rely, is not a ground of exception.

When a declaration in slander sets forth the substance of the words used, and the words in evidence are capable of the construction given in the declaration, the meaning of the words in evidence is a question for the jury.

A deposition was returned to court in a sealed envelope, but the answers were not annexed either to the commission or to the interrogatories. *Held,* that the deposition was not to be rejected simply because the answers were not so annexed.

In an action of slander for accusing the plaintiff of a specific crime, the defendant cannot justify by proving the plaintiff to have been guilty of another crime of the same kind.

When a count for slander contains an allegation that the words were spoken in the hearing of divers citizens of the Commonwealth, the allegation may be rejected as surplusage unless it is a descriptive allegation; and whether it is a descriptive allegation is a question of construction.

A general objection made to the admissibility of evidence offered by the plaintiff in support of his declaration, will be overruled if the evidence is admissible under any count of the declaration.

TORT for slander in accusing the plaintiff of having committed the crime of sodomy with a mare. Trial in the Superior Court, before *Rockwell,* J.

The declaration contained three counts. The first count set forth "that the defendant publicly, falsely and maliciously accused the plaintiff of the crime of sodomy by words spoken of the plaintiff substantially as follows [setting out the words] ; and the said defendant at another time, in a certain conversation, of and concerning the said plaintiff, falsely and maliciously said that he the said plaintiff [setting out other words] ; and the plaintiff says that the said defendant, by the words, statements, assertions and utterances so publicly, falsely and maliciously made in the presence and hearing of divers good citizens of this Commonwealth, of and concerning the plaintiff, designed to accuse and did accuse the plaintiff of having committed . . . . sodomy," &c.

The third count set forth "that the defendant publicly, falsely and maliciously accused the plaintiff of the crime of sodomy by words spoken to and of the plaintiff in the presence and hearing of divers good citizens of this Commonwealth, substantially as follows : in a certain conversation by plaintiff with defendant, defendant said to plaintiff [setting out words which of themselves conveyed no imputation] ; and at another conversation had by plaintiff with defendant, defendant said to plaintiff [setting out other words which of themselves conveyed no imputation] ; and again repeating said words afterwards publicly, and in being inquired of as to what he meant by the use of such words, replied [setting out other words], and at another conversation repeating the words made use of by the defendant to the plaintiff as above stated, defendant said [setting forth still other words], he the said defendant designing and intending by the use of said words . . . . to accuse and did accuse the plaintiff of the crime . . . . denominated sodomy," &c.

At the trial, the defendant contended that the first count of the declaration contained no legal charge of sodomy, because the language of itself implied no illegal act ; and that the first and third counts each alleged two distinct causes of action, and asked that the plaintiff be required to elect upon which cause of action he would rely. The court ruled that the plaintiff could not be required to elect until the evidence was closed.

The plaintiff then offered one Heath, a citizen of this state, as a witness, who testified to a conversation he had with the defendant in which the defendant made assertions about the plaintiff, though not in the precise words set forth in either count of the declaration.    The witness further testified that only he and the defendant were present at this conversation.

The defendant contended that Heath's evidence did not support either count, because not in the language there alleged, and because only one person was present at the conversation.

The plaintiff called one Steadman as a witness, who also testified to a conversation which he had with the defendant, in which the defendant made assertions about the plaintiff, though not in the precise words set forth in either count of the plaintiff's declaration.

The plaintiff offered in evidence the deposition of one Otto Stamm, which deposition stated that he was a citizen of New York at the time of his conversation with the defendant.    The deposition and the commission and interrogatories were returned together in a sealed envelope to the court, but the answers were not annexed to either commission or interrogatories.    The defendant objected to this evidence, because the deposition was not annexed to the commission, and because it was not properly certified to the court.    The deposition was admitted in evidence. In this deposition were detailed remarks made by the defendant about the plaintiff, though not in the precise words set forth in either count of the plaintiff's declaration.

The deposition of Arthur Stewart was offered in evidence by the defendant, in which was evidence tending to show that the plaintiff had sexual connection with a cow.    The court excluded this evidence as incompetent and immaterial.    The plaintiff's attorney attended the taking of this deposition, and cross-examined the witness, upon his testimony in regard to the cow.    The defendant offered that portion of the evidence of the deponent relating to the cow given in reply to the plaintiff's cross-examination.    Upon the plaintiff's objection, this was also excluded by the court.

There was conflicting evidence relating to all the alleged conversations with the defendant.

At the close of the evidence, the plaintiff elected to rely upon the first and third counts of his declaration, and to rely upon the testimony of Heath and of Steadman, and the deposition of Stamm, in support of these counts.

The defendant asked the court to rule that there was a substantial variance between the words alleged to have been uttered and the evidence of each of the witnesses relied upon in support of the same; but the presiding judge ruled otherwise, and said he could not so rule as matter of law, but must leave the language to the jury; and if they found the language of the testimony the same in meaning as the language set forth in the declaration, it would be sufficient.

The defendant also requested the court to rule that the conversation of Stamm with the defendant, no person being present except the witness and the defendant, was not competent to prove either count of the plaintiff's declaration. The court declined thus to rule, but ruled that if the jury were satisfied that Stamm was not a citizen of this Commonwealth, the testimony must be laid out of the case, and could have no effect.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*A. J. Fargo*, for the defendant.

*J. Branning*, for the plaintiff.

COLT, J. The declaration in this case contains three counts. At the trial, the plaintiff relied only on the first and last.

The first count alleges that the defendant publicly accused the plaintiff of the crime of sodomy by words spoken of him substantially as set forth. The language used on two distinct occasions is recited, and the whole is followed by the allegation that, by the words so publicly uttered in presence of divers good citizens of this Commonwealth, the defendant intended to accuse the plaintiff of the crime charged.

The last count alleges that the defendant publicly accused the plaintiff of the same crime by words spoken in the presence of divers good citizens of this Commonwealth, and then proceeds to set out in substance the words used on two different occasions, each time imputing the same crime.

The objection that the first count contained no charge of crime, if of any weight, and the objection that each count contained two distinct causes of action, should have been taken by demurrer. *Lee* v. *Kane*, 6 Gray, 495. *Clay* v. *Brigham*, 8 Gray, 161. It is sufficient if at the trial there are facts enough proved to establish a cause of action which has been informally stated in the pleadings. And it is to be presumed that the jury were correctly instructed in this respect. *Robbins* v. *Fletcher*, 101 Mass. 115.

The action of the court as to requiring the plaintiff to elect upon which cause of action he would rely, was not open to exception upon the facts here stated. *Sheffill* v. *Van Deusen*, 15 Gray, 485. At the close of his evidence, the plaintiff elected to rely on the first and last counts, and upon the evidence of witnesses named by him in support of them. The evidence of these witnesses had a tendency to prove each cause of action stated. The judge was not asked to restrict it, or any part of it, to either count, or to any part of either count. Where the declaration does not attempt to set out the precise language, it is sufficient to prove the substance of the words used, and the sense and manner of speaking them. And if the slanders are several and independent, it is sufficient to prove as many of them as constitute one of the slanderous accusations. *Whiting* v. *Smith*, 13 Pick. 364. 2 Greenl. Ev. § 414.

The judge was asked to rule that there was a substantial variance between the words alleged and the evidence of each of the witnesses relied on. This he declined to do, but left it to the jury, with the remark that it would be sufficient if they found the language used to be the same in meaning as the language of the declaration. We cannot see that there was any error in this refusal. The language of the several witnesses seems to be capable of the meaning attributed to it in the declaration, and sufficient to impute to the plaintiff the crime charged. The defendant is responsible for the meaning which the words used by him, reasonably interpreted, convey to the understanding of the person in whose presence they were uttered. When there is a question as to the import of the words, it is to be submitted, with proper instructions, to the jury. *Brettun* v. *Anthony*, 103 Mass. 37. *Fowle*

v. *Robbins*, 12 Mass. 498. *Dunnell* v. *Fiske*, 11 Met. 551. We are aided by the consideration that evidence of declarations of the defendant upon the same subject, at other times, conveying the same imputation, although in substantially different language, are admissible for the. purpose of showing malice. *Baldwin* v. *Soule*, 6 Gray, 321.

There was no error in admitting the deposition of Stamm, although it was not annexed to the commission under which it was taken. It was all returned to the clerk's office in the same sealed envelope. It is not suggested that there is any doubt of its identity, or any suspicion of fraud or improper conduct. *Shaw* v. *McGregory*, 105 Mass. 96.

The testimony which was objected to in the deposition of Stewart was rightly excluded as incompetent. The defendant could not justify the alleged slander by proving another criminal act of the same kind.

The court declined to rule that evidence of statements by the defendant in the presence of only one person was not competent to prove either count in the declaration. The validity of the exception taken to this depends upon the construction to be given to the allegations in the first count. Publication is essential, and must be alleged and proved. If alleged generally, it may be proved by any person who heard it. It is always sufficient to prove the substance of the issue. If the pleader adds anything which is intended to narrow and limit that which is essential, then by a familiar rule such allegation becomes descriptive of the identity of that which is legally essential and must be proved as matter of substance. Whether an allegation is of this character is a point to be determined by the judge in the case before him, and depends upon the nature of the averment itself, its relation to and connection with other necessary averments, or the technical manner in which it is framed. No precise rule can be laid down by which it can in all cases be determined. 1 Greenl. Ev. §§ 56, 57. In *Chapin* v. *White*, 102 Mass. 139, where it was alleged that the defendant publicly accused the plaintiff of a crime " by words spoken in the presence and hearing of divers citizens of this Commonwealth, substan-

tially as follows," setting forth the words, it was held that proof of a speaking in the presence and hearing of only one person not a citizen of the Commonwealth was a variance, because the pleader in that case had seen fit unnecessarily to limit the publication charged. In the case at bar there is no occasion for the application of this rule. The first count alleges the publication generally in the usual form, and sets out the words spoken. It would have been sufficient if it had stopped there. An averment is added that, by the words so publicly uttered " in the presence and hearing of divers good citizens of this Commonwealth," the defendant intended to accuse the plaintiff of the crime charged. The wrong committed was sufficiently charged without this last clause, in the form provided by the Practice Act of 1852, and used since then. We cannot construe this clause as intended by the pleader, to limit the publication relied on and practically charged, or to describe or identify the slander as only communicated to more than one good citizen of the Commonwealth. If that had been the intention, the qualification would have followed the general charge of publication, and preceded, as in the case cited. the setting forth of the words spoken. These allegations in regard to publication are plainly divisible. Whatever may be said of the last count in this respect, it is enough to dispose of this exception that the evidence was, for the reasons stated, admissible under the first count. The defendant objected to its admissibility under either. He did not ask the judge to restrict its application or to require the jury to return separate verdicts on such counts. It does not appear, therefore, that they did not apply the evidence properly, or that the defendant has suffered any injury from the ruling complained of. *Richmond* v. *Whittlesey*, 2 Allen, 230, 234. The judge ruled that if Stamm was not a citizen of this Commonwealth, his testimony must be laid out the case, and this was sufficiently favorable to the defendant in any aspect.                              *Exceptions overruled.*