COMMONWEALTH *vs.* ISAAC O. PIERCE & another.

Bristol. Oct. 26. — Nov. 5, 1880. AMES & ENDICOTT, JJ., absent.

An allegation in an indictment charging two persons jointly with obtaining a loan of money by false pretences is a descriptive allegation, and is not supported by proof of a loan to one of the persons only.

INDICTMENT against Isaac O. Pierce and Maria E. Harris, alleging that the defendants on April 7, 1880, at New Bedford, unlawfully, knowingly and falsely pretended to the officers of a national bank that Maria E. Harris was Sarah Harris, and was the owner of certain bonds of the United States, and was the Sarah Harris named in said bonds; by means of which false pretences, the defendants fraudulently obtained from said bank the sum of $1400, with intent to cheat and defraud the same.

At the trial in the Superior Court, before *Colburn,* J., the government put in evidence tending to show that the defendants came together to the bank on the day named in the indictment, and Pierce asked the cashier to make a loan to Harris of $1400, on five United States bonds, registered in the name of Sarah Harris, and told him that the woman with him was Sarah Harris; that the defendant Harris signed the name of Sarah Harris on the back of the bonds, and signed a note for $1400

The cashier of the bank testified, on cross-examination, that the loan was made to the defendant Harris alone, under the name of Sarah Harris, and not to Pierce at all, and it was so entered on the books of the bank; that he looked to her alone for payment, and made the loan to her, upon the security of the bonds presented by her, and should not have made the loan except for the bonds which were presented as security.

The defendants asked the judge to rule that there was a fatal variance between the allegations of the indictment and the proof, as to whom the loan was made, and to direct a verdict for the defendants. The judge refused so to rule; the jury returned a verdict of guilty; and the defendants alleged exceptions.

*J. W. Cummings*, for Pierce.

*J. M. Morton, Jr.*, for Harris.

*G. Marston*, Attorney General, for the Commonwealth.

COLT, J. An indictment for obtaining money by false pretences must set out the offence in such terms as will give the defendant notice of the specific criminal act with which he is charged. Thus, if money is obtained on a sale or exchange of property by means of false pretences, such sale or exchange must be sufficiently alleged, together with the charge that the pretences used were effectual in accomplishing the fraud. *Commonwealth* v. *Strain*, 10 Met. 521. *Commonwealth* v. *Goddard*, 4 Allen, 312. If more is alleged than is necessary, yet, if it be descriptive of the offence, it must be proved.

It is here alleged that, by means of the false pretences used, a loan from the bank was made to the defendants jointly. This is an allegation essentially descriptive of the offence as charged. It fixes the identity of that act; and the fact that the loan was as alleged must be proved as matter of substance. *Downs* v. *Hawley*, 112 Mass. 237. *Commonwealth* v. *Hartwell*, 128 Mass. 415.

The evidence at the trial tended to prove a loan to the female defendant only; and the judge, as requested, should have instructed the jury that there was a fatal variance between the proof and allegation, if the money was so lent.

*Exceptions sustained.*