## CHARLES N. AYRES v. ALFRED P. TOULMIN.

*Libel and slander—Pleading.*

1. In this case it is held that there is enough in the several counts in the declaration, after the first, to show that the slanders charged relate to plaintiff in the character described in the first count.

2. There is nothing in our rules of pleading which requires or encourages the needless repetition of allegations which are so referred to as to be plainly understood.

3. Good pleading requires reasonable certainty as to the pleader's meaning, but there is no especial legal advantage in a multitude of words.

Error to Wayne. (Full bench.) Submitted on briefs January 30, 1889. Decided February 8, 1889.

Case for slander. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*John Atkinson* (*Samuel W. Smith*, of counsel), for appellant.

*Griffin, Warner, Hunt & Berry*, for defendant.

CAMPBELL, J. This is an action for slanders injurious to the plaintiff in his business capacity. There are several counts, averring different slanders, and demurrers were sustained to all of them.

A principal objection alleged to all but the first count is that they are all lacking in sufficient allegations of the connection of the slanderous intent with plaintiff as a business man. The first count sets out with considerable fullness the facts of various business occupations and enterprises of plaintiff as a book and stationery dealer in Detroit, a contractor to furnish stationery to the State of Michigan, and a partner in the late book and stationery firm of Richmond, Backus & Co. It further avers that in October, 1885, and for a period of a month, plaintiff was absent on a journey of business and pleasure in several western states, and that defendant, knowing the premises, and contriving and maliciously intending to injure plaintiff in his good name, fame, and credit (adding several similar purposes), and to cause it to be believed that plaintiff had been and was guilty of the offenses and misconduct thereinafter charged, etc., and to vex, harass, oppress, and impoverish, and wholly ruin, plaintiff in his trade and business, and to cause it to be suspected that he had absconded with intent to defraud his creditors, and was insolvent, made the various statements complained of concerning him in his trade and business. In all but one of the subsequent counts, so called, the defendant is charged to have acted "contriv-

ing and intending as aforesaid," and to have spoken of plaintiff concerning him and his said trade and business. Some contain fuller averments in addition. It is claimed that all but the first count lack the proper recitals as to his business.

We do not think they are open to this objection. They contain such references as relate clearly and beyond doubt to all the previous allegations, and are senseless without them. There is nothing in our rules of pleading which requires or encourages the needless repetition of allegations which are so referred to as to be plainly understood. Good pleading requires reasonable certainty as to the pleader's meaning, but there is no especial legal advantage in a multitude of words. We think that there is enough to show that the slanders charged relate to plaintiff in the character first described.

The first language complained of (connected with proper innuendoes) is, "if Ayres hadn't gone away we should issue warrants for him," thereby meaning that he "had absconded, and had been guilty of some offense for which he was liable to arrest." We do not see any reason for holding that this language is not capable of that meaning, and, if so meant, it was clearly actionable. The second charge that "Ayres has left town" is not actionable, and could not, unless with some possible circumstances not alleged, and not readily imagined, be made so. The same remark will apply to a charge concerning commissions on type-writers for his benefit exclusive of his partners. No duty being averred to the contrary, this was harmless. "He went to Lansing, and collected $1,400 of our money, and went west with it," is certainly capable of a very bad and dishonest meaning, and the averments of its meaning are not unnatural, and are, we think, sufficient.

An averment concerning the contents of certain letters·

refers to libels, and not verbal slanders, and is not suffi-ciently precise, and an averment that defendant made slan-derous charges, under oath, in a court, contains no suf-ficient charge of an actionable wrong

Two averments of charges that plaintiff was trying to get and convert to his own use, without paying for the same, the property of Arouet Richmond, is properly enough connected with an innuendo that it meant defrauding or swindling Richmond out of his property. It clearly implies business dishonesty, and, perhaps, more henious conduct of a criminal nature.

We do not think it worth while to enlarge on these questions, or to discuss all the niceties of the law of defamation. We think the charges are full enough to create issues for relief in damages, if made out in the sense charged. It must depend on facts and circumstan-ces on the trial how far plaintiff has solid cause of griev-ance.

The judgment below must be reversed, with costs of both courts, and judgment entered overruling the demur-rer as to the counts held valid by what we have said above. The case will be remanded to the court below, with leave to plead within 30 days.

The other Justices concurred.