# Booker *v.* The State.

### *Indictment for Slander.*

1. *Slander imputing subordination of perjury.*—The words "that Bryant Mancill had hired witnesses in the justice of the peace court to swear to lies" charged in an indictment as slanderous, impute the offense of subornation of perjury, which is a felony under §§ 3906-7 Code of 1886, and such defamation, or slander, is an indictable misdemeanor under § 3773 of the Code.

2. *Slanderous words uttered on belief, information or report.*—The utterance of slanderous words on belief or on information or on report, unless the name of the informant be furnished as part of the utterance, is the legal equivalant of their positive statement as facts.

3. *Same; variance between charge in indictment and proof.*—When the slanderous words charged in the indictment are "that Bryant Mancill had hired witnesses in the justice of the peace court to swear to lies," and the slanderous utterance proven, is "He (defendant) *was satisfied* that he (Mancill) had hired witnesses to swear lies against him," the variance between the charge in the indictment and the proof is not material.

APPEAL from the Circuit Court of Escambia.
Tried before the Hon. JOHN R. TYSON.

JNO. D. BURNETT for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Indictment for verbal slander, or defamation, under section 3773 of the Code of 1886. The offense imputed in the slander, charged to have been uttered, was subornation of perjury. This offense—subornation of perjury—is a felony under our statutes. Code of 1886 §§ 3906-7. Such defamation, or slander, is an indictable misdemeanor, § 3773.

The charge in the indictment is, that the defendant "did falsely and maliciously speak of and concerning Bryant Mancill, in the presence of Will Palmore, charging him with having committed bribery, in substance as follows : 'That Bryant Mancill had hired witnesses in the justice of the peace court to swear to lies." The testimony of the witness was, that Cambria Booker, speaking of a trial which had just come off in a justice' court between him and Mancil, said : "He (Booker) was satisfied that he, Mancill, had hired witnesses to swear lies against him." The questions are, whether the language proved is a charge of bribery preferred against Mancil, and whether there is a material variance between the charge in the indictment and the testimony of the witness.

Do the words that he, Booker, "was satisfied," change the meaning of the words charged in the indictment? In *Smith v. Stewart*, 5 Penn. St. 372, the words charged were, "That man was in the penitentiary of Ohio, and I can prove it." The different counts varied the language, but each charged that the words were spoken positively as facts. Some of the witnesses testified that the imputed, slanderous words were prefaced with the words, "If reports be true." It was contended that this phase of the testimony did not sustain the charge, but made a different case. The contention was disallowed. The court, after citing leading English authorities, and among them that of Lord Kenyon, 7 T. R. 19, to the effect, that "the plaintiff can only impute the slander to him who utters it, if the latter does not mention the name of the person from whom he heard it," added, "If it were otherwise, one individual might ruin the loftiest reputation, and torture the purest heart in the country, by secretly circulating and giving the embodiment of report (such as it is) to some vile slander, and then setting up the very *slander itself* as a defense to an action for uttering and publishing it. *If reports be true :* This language designates no individual, lights upon no one, describes nobody, and is, in fact, nothing but the mere ideal of responsibility, which the wicked conjure up to slander them, whilst they inflict a wound." In *Beehler v. Steever*, 2 Whar. Rep. 313–328, it was said by the court that the words, "I believe you are conspiring with others to cheat me." It is equal to a positive averment of guilt; for a man only avers a thing because he is cognizant of it." See also *Miller v. Miller*, 8 Johns. 74. So, to say of a man, "I believe he will steal, and I believe he did steal," amounts to the charge of larceny. *Dottarer v. Bushey*, 16 Penn. St., 204; *Robbins v. Fletcher,*

101 Mass., 115 ; *Treat v. Browning,* 4 Conn. 408, 414 ; Townshend, Slander & Libel, § 368.

The principle of these cases is, that the utterance of slanderous words on belief, or on information or on report unless the name of the informant be furnished as part of the utterance, is the legal equivalent of their positive statement as facts. To deny this principle would be to enable the slanderer, by a slight change of the mode of expression, to blacken or stain the most spotless reputation, with perfect impunity. Can it change the principle if the word, *satisfied,* be the preface employed, instead of the words, *believed* or *reported?*

In *Oldham v. Peake,* 2 W. Blackstone Rep. 959, the words spoken were, "You are a bad man, and I am thoroughly convinced that you are guilty," &c. It was contended that these words did not amount to a charge of guilt in such form as to be actionable. The court said : "As to the certainty of the charge, I am thoroughly convinced, is equal to a positive averment ; for a man only avers a thing, because he is convinced of the truth of it." The judgment for plaintiff was permitted to stand.

As bearing on some of the questions presented we cite *Commons v. Walters,* 1 Por. 377 ; *Smith v. Gafford,* 31 Ala., 45 ; *Haley v. State,* 63 Ala. 89.

We find no error in the record.

Affirmed.