# APRIL TERM, 1905.*

---

## BLOUNT v. MASON.

LIBEL AND SLANDER— DECLARATION — COLLOQUIUM — INDUCEMENT
—DEMURRER.

A declaration for slander in alleging that plaintiff was a thief,
and had stolen certain wood, examined, and *held*, sufficient
against a demurrer on the ground that there was no collo-
quium or inducement showing that the words used were in-
tended or understood to apply to plaintiff.

Error to Hillsdale; Chester J. Submitted January 11,
1905. (Docket No. 68.) Decided May 12, 1905.

Case by Fred Blount against Melvin Mason for slander.
There was judgment for defendant on demurrer to the dec-
laration, and plaintiff brings error. Reversed.

*B. E. Sheldon* and *C. A. Shepard*, for appellant.

*F. A. Lyon*, for appellee.

MOORE, C. J. This is an action brought for slander.
The declaration contains five counts. The first one, after
the usual statement that plaintiff was a person of good
name, etc., avers:

"Yet the defendant, well knowing the premises, but
contriving and maliciously intending to injure the plain-
tiff, and to bring him into public scandal and disgrace, here-
tofore, to wit, on the 19th day of June, A. D. 1903, at the
county aforesaid, in a certain discourse which he then and
there had of and concerning the plaintiff in the presence
and hearing of and to one William Salmon, a reputable
and influential citizen of Frontier, in said county, falsely
and maliciously said to the said William Salmon as follows,

---

to wit, 'Uncle Billy, don't you want to go and help catch a thief?' (meaning thereby that the plaintiff was a thief, and had stolen wood from the defendant, and still had it in possession, capable of detection and exposure, and that said Salmon was desired to go with defendant and help catch the plaintiff in possession of the wood which he had stolen from the defendant)."

The third count reads:

"And afterwards, to wit, on the 19th day of June, A. D. 1903, at the said county of Hillsdale, in a certain discourse which the defendant then had of and concerning the plaintiff, and further contriving and intending to injure the plaintiff as aforesaid, the defendant then and there, in the presence and hearing and to one Jonathan Sherman, a reputable and influential citizen of Frontier, aforesaid, falsely and maliciously spoke and published of and concerning the plaintiff other false, scandalous, malicious, and defamatory words following; that is to say, 'I (meaning defendant) saw Fred Blount (meaning plaintiff) take wood off from my pile, and he has it now on his wagon, and I (defendant) want you (Sherman) to go with me to the mill, and see it unloaded;' defendant meaning thereby to impress said Sherman that plaintiff had stolen defendant's wood, and then had it on his wagon, and that defendant desired said Sherman to go with him to the mill and witness the exposure of the crime."

The defendant demurred to each count in this declaration, and the demurrer was sustained. The demurrer as to these counts is as follows:

"In the first count of said declaration there is no colloquium, inducement, or statement of facts that in any wise show that the alleged slanderous words were meant to apply to the plaintiff, nor that they did apply to the plaintiff, nor that they were understood to apply to the plaintiff. And there is no statement of facts showing that said words were spoken of concerning said plaintiff.   *   *   *

"In the third count of the plaintiff's declaration there is no colloquium, inducement, nor statement of facts showing that the words alleged to have been spoken were spoken of and concerning the plaintiff, nor that they imputed a crime to the plaintiff, nor in any way connecting said words nor the speaking thereof with the plaintiff."

We think these counts stated causes of action under the following authorities: *Vickers* v. *Stoneman*, 73 Mich. 419; *Ayres* v. *Toulmin*, 74 Mich. 44; *Hewitt* v. *Morley*, 111 Mich. 187; *Loranger* v. *Loranger*, 115 Mich. 681; *Derham* v. *Derham*, 123 Mich. 451.

The demurrer is overruled, and the case is remanded, with the usual time given to defendant to plead.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.