WILLIAM E. CRAFER *vs.* AINSLEY R. HOOPER.

Suffolk.     November 12, 1906. — February 25, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Libel and Slander.   Practice, Civil,* Exceptions.

In an action for oral slander in charging the plaintiff with a crime the plaintiff may recover without showing special damage.

Where the circumstances are such as to make an oral charge of larceny a privileged communication if made in good faith and in a proper manner, although the communication does not become actionable merely because the speaker's language is intemperate and excessive from excitement, yet intemperance and excess of language beyond such as naturally would be aroused by the circumstances are evidence of express malice, which would make the communication actionable.

In an action for oral slander in charging the plaintiff with larceny, where the defence set up is that the charge was a privileged communication made in good faith, the defendant upon the argument of exceptions after a verdict for the plaintiff cannot raise the point that the definition of express malice given by the presiding judge was wrong if none of the rulings asked for by the defendant contained a definition of express malice and he took no exception to this part of the judge's charge.

In an action for oral slander in charging the plaintiff with larceny, where the defence set up is that the charge was a privileged communication made in good

faith after the defendant had been informed that a pocket book in his house had been stolen, and there is evidence that the plaintiff was searched at the suggestion of the defendant, an instruction of the presiding judge is correct to the effect that if the defendant made the accusations of theft to humiliate the plaintiff and not for the purpose of recovering the missing money it would destroy the defence of privilege, and that in passing on that question the jury could consider the search made, and, if they found that it was made against the will of the plaintiff under threats of prosecution, they could consider that fact in determining whether the real motive of the defendant in making the accusations was to humiliate the plaintiff.

TORT for alleged oral slander in charging the plaintiff with the crime of larceny by words substantially as follows: "I want this man (meaning the plaintiff) searched. There is a wallet missing, and he has stolen it. My son tells me he (meaning the plaintiff) makes a business of going around stealing carpenters' tools and selling them to get money for rum." Writ in the Municipal Court of the City of Boston dated August 14, 1903.

The answer contained a general denial; and further alleged that at the times when the words mentioned in the plaintiff's declaration were alleged to have been spoken a pocket book had been lost in the defendant's house and the defendant was endeavoring to find such lost pocket book and its contents, and that, if the defendant spoke the words alleged in the plaintiff's declaration, he spoke them in good faith, without malice, in the performance of a duty and with the honest and reasonable purpose of protecting his interests, and that such words, if spoken, were privileged by reason of the occasion on which they were spoken.

On appeal to the Superior Court the case was tried before *Aiken*, C. J. It appeared that the plaintiff was a journeyman carpenter and was working one day for three or four hours on a job in the defendant's residence; that during this time the defendant's wife reported to the plaintiff and to the defendant that a pocket book had been lost from the house; that, when the plaintiff left the house after finishing his work, he went to another building nearby, where his employer and some other carpenters were at work; that the defendant and his son followed the plaintiff, and that the defendant then told the plaintiff's employer of the supposed loss of the pocket book; that the plaintiff then was searched by his employer and another man; and that, subsequently, the pocket book was discovered in the

defendant's house. There was evidence introduced on behalf of the plaintiff tending to show that the defendant spoke substantially the words complained of; that the defendant directed the searching of the plaintiff; and that the defendant said he would have the plaintiff arrested if he refused to be searched. There also was evidence introduced on behalf of the defendant tending to show that the defendant believed that the pocket book was lost; that all he did and said was for the purpose of finding the pocket book, if possible; that he believed he had good grounds for suspicion against the plaintiff; and that he had no feeling of malice or resentment against the plaintiff, nor any purpose of making any statement that was not in exact accordance with the facts.

At the close of the evidence the defendant asked the judge to rule that on all the evidence the plaintiff could not recover and to order a verdict for the defendant. The judge refused to do this, and the defendant excepted. The defendant further requested the judge to rule and instruct the jury as follows:

"1. In general an action lies for the malicious publication of statements which are false in fact and injurious to the character of another (within the well known limits as to verbal slander) and the law considers such publication as malicious unless it is fairly made by a person in the discharge of some public or private duty, whether legal or moral, or in the conduct of his own affairs in matters where his interest is concerned. In such cases, the occasion prevents the inference of malice, which the law draws from unauthorized communications, and affords a qualified defence, depending on the absence of actual malice. If fairly warranted by any reasonable occasion, or exigency, and honestly made, such communications are protected for the common convenience and welfare of society, and the law has not restricted the right to make them within any narrow limits.

"Applying these principles to the facts of the present case, and it will stand thus: If the plaintiff can show that the publication was false in any material respect, and can also show special damage, done to himself, by means of it, that will make a *prima facie* case for the plaintiff, and as standing thus, malice would be presumed. But if the defendant can show that the publication was honestly made by him, believing it to be true,

and that there was a reasonable occasion or exigency in the conduct of his own affairs, in matters where his interest was concerned, which fairly warranted the publication, such proof would rebut the presumption of malice, and bring the publication within the class of privileged publications, and form a good defence to the action, unless the plaintiff can show express malice, or malice in fact, which of course will be a question for the jury.

" 2. If one who has lost goods by theft goes to the house of the person whom he suspects to have stolen them, and there, in reply to questions put as to the object of his visit, accuses that person of the theft and states the grounds of his accusation, the communication is privileged, if made in good faith, with the belief that it is true, and without express malice, although made in the presence of others, and although it may have been intemperate and excessive from excitement.

" 3. If an employer, on an occasion which renders the words privileged, accuses his employee, in the presence of a third person, of stealing money from him, the fact that the employer does not have a full belief that the employee is guilty does not render the words the less privileged, if he honestly suspects him of committing the crime."

The judge refused to give the rulings requested except so far as they were embodied in his charge to the jury.

At the close of the charge the defendant also excepted specifically to that part of the charge in which the judge instructed the jury as follows: " The circumstances if as I have just stated them, are protected by the law, although the words may have been intemperate and excessive from excitement, provided the excitement was such as would naturally be aroused by the circumstances."

The defendant also excepted specifically to that part of the charge which was as follows: " There was no right to search the plaintiff Crafer against his will and if he submitted under the suggestion that there would be a prosecution if he did not, and that suggestion came from the defendant Hooper, you would be justified in inferring that there was malice."

The defendant also specifically excepted to the refusal of the judge to give his second request, especially to the refusal to give

the substance of such request as to the communication being privileged although it may have been intemperate and excessive from excitement, without adding the qualification contained in the charge, " provided the excitement was such as would naturally be aroused by the circumstances."

The jury returned a verdict for the plaintiff in the sum of $250 ; and the defendant alleged exceptions.

*H. S. Dewey*, for the defendant.

*J. E. Young*, (*W. J. Gaffney* with him,) for the plaintiff.

LORING, J. 1. The second paragraph of the first ruling asked for evidently was copied from the opinion in *Swan* v. *Tappan*, 5 Cush. 104, 111. The defendant's counsel overlooked the fact that that was a case where special damage had to be shown. In the case at bar the slander consisted in charging the plaintiff with a crime. In such a case special damage does not have to be shown to make out a case. For this reason the exception to the refusal to give this ruling must be overruled.

2. The second ruling asked for is in these words: " If one who has lost goods by theft goes to the house of the person whom he suspects to have stolen them, and there, in reply to questions put as to the object of his visit, accuses that person of the theft and states the grounds of his accusation, the communication is privileged, if made in good faith, with the belief that it is true, and without express malice, although made in the presence of others, and although it may have been intemperate and excessive from excitement."

The presiding judge gave this ruling, adding at the end of it: " provided the excitement was such as would naturally be aroused by the circumstances."

If the jury found as a fact that there was intemperance and excess in the defendant's communication beyond such as naturally would be aroused by the circumstances, that was a fact which they were bound to consider in connection with the defence of privilege and the express malice which destroys that defence. If they believed that this excess did not in fact come from the heat and excitement of the situation, that fact would at least be evidence of express malice, the proving of which destroys the defence of privilege. *Fryer* v. *Kinnersley*, 15 C. B. (N. S.) 422. *Atwill* v. *Mackintosh*, 120 Mass. 177.

3. The defendant's next contention is that the definition of express malice given by the presiding judge was wrong.* It seems to be in accordance with the English law on the subject. See Lord Blackburn in *Capital & Counties Bank* v. *Henty*, 7 App. Cas. 741, 787; Bramwell, L. J. in *Clark* v. *Molyneux*, 3 Q. B. D. 237, 245; Pollock, Torts, 260, 261; Odgers, Libel & Slander, (4th ed.) 320, 321. Whether it was or was not right under our decisions need not be decided. None of the rulings asked for by the defendant contained a definition of express malice, and no exception was taken to this part of the judge's charge.

4. The defendant excepted to that part of the charge in which the presiding judge said that "There was no right to search the plaintiff Crafer against his will and if he submitted under the suggestion that there would be a prosecution if he did not, and that suggestion came from the defendant Hooper, you would be justified in inferring that there was malice." Taken by itself this might be misunderstood. Taken in connection with what followed it, the charge is correct. The judge went on to say: "You will not infer malice in this aspect of which I am now speaking unless it is your conclusion that the search was in consequence of a purpose on Hooper's part to humiliate the plaintiff Crafer, and was submitted to because of apprehension of a prosecution." What the judge meant was that if the defendant made the accusations of theft to humiliate the plaintiff and not for the purpose of recovering the missing money, that would destroy the defence of privilege; that in passing on that fact they could consider the search made, and, if they found that it was made against the will of the plaintiff under threats of prosecution, they could consider that fact in determining whether the real motive of the defendant in making the accusations was to humiliate the plaintiff.

---

* The instruction referred to contained the statement "Any indirect motive other than a sense of duty is what the law calls malice" and also contained the statement "If the defendant, that is Hooper, gave unnecessary publicity to his statements, by making them in the hearing of the plaintiff's fellow-workmen, you have a right to take that into consideration as evidence of malice."

This was made still more clear by the last two paragraphs of the charge, where the presiding judge went over this ground again.

*Exceptions overruled.*