RUTH FRIEDMAN *vs.* T. J. CONNORS.

Suffolk. January 15, 1935. — November 6, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Libel and Slander. Pleading, Civil,* Declaration.

A statement, which was alleged in the declaration in an action for slander to have been made by the defendant of the plaintiff orally, "publicly, falsely and maliciously," that the plaintiff "took a pair of shoes from" a store "without paying for them," was reasonably susceptible of the meaning attributed to it by innuendo in the declaration, that the plaintiff stole the shoes from the store, and with that meaning the statement was defamatory and actionable *per se;* and the declaration was good.

A statement, which, it was alleged in the declaration in an action for libel, the defendant "did publicly, falsely and maliciously write and publish of the plaintiff in a letter," to the effect that the defendant had been awaiting payment for goods which the plaintiff "took from" a store "without having paid for the same" and that as the plaintiff

"must realize that this constitutes a serious case for" the plaintiff, the defendant would wait until a certain date "for . . . [the plaintiff] to send this amount into the store" before turning the matter over to its legal department, was reasonably susceptible of the meaning attributed to it by innuendo in the declaration, that the "plaintiff had committed the crime of larceny," and with that meaning the statement was defamatory; and, the allegation as to publication being sufficient in substance even if the addressee of the letter was the plaintiff, and no defect in the form of such allegation being specified in a demurrer, it was error to sustain the demurrer.

TORT.  Writ dated January 2, 1934.

In the Superior Court, the action was heard on demurrer by *Weed*, J.

*N. Fink*, for the plaintiff, submitted a brief.

*H. D. Linscott*, for the defendant.

FIELD, J.  This action of tort for slander and libel was brought in the Superior Court.  The declaration is in two counts as follows:  (1) "And the plaintiff says that some time in July, 1933, the defendant did publicly, falsely and maliciously accuse the plaintiff of a crime of larceny by uttering the following words, 'You (meaning the plaintiff) took a pair of shoes from the store (meaning the store wherein the defendant was employed) without paying for them' (meaning thereby that the plaintiff did steal a pair of shoes from the defendant's store, all to her great damage, as claimed in her writ"; (2) "And the plaintiff says that the defendant did publicly, falsely and maliciously write and publish of the plaintiff in a letter the following words: 'I have been awaiting a call from you relative to your paying us $3.95 for a pair of boy's shoes that you took from the store without having paid for the same. I believe that you have had sufficient time to produce proof that you had paid for them, and therefore as you must realize that this constitutes a serious case for yourself, I will await until Thursday, August 17th, for you to send this amount into the store before I turn the matter over to our Legal Department,' the defendant thereby imputing that the plaintiff had committed the crime of larceny, all to her damage, as claimed in her writ."

The defendant demurred to the declaration as a whole,

but not to either count separately, on the grounds "that said declaration and the matter contained therein, in manner and form as the same are set forth, are not sufficient in law for the plaintiff to have an action against the defendant, and that said declaration does not state any cause of action against the defendant, and that the statements which the plaintiff in her declaration alleges to have been made by the defendant are not actionable." Unless by the particular ground of demurrer that the statements alleged to have been made by the defendant are not actionable (compare *Clay* v. *Brigham*, 8 Gray, 161; *Chace* v. *Sherman*, 119 Mass. 387, 391), no defect in the form of the declaration is specifically pointed out. See G. L. (Ter. Ed.) c. 231, § 18, Fourth; *Steffe* v. *Old Colony Railroad*, 156 Mass. 262; *Whiton* v. *Batchelder & Lincoln Corp.* 179 Mass. 169, 172. An order was entered sustaining the demurrer "with respect to both Counts" and the plaintiff appealed therefrom. See G. L. (Ter. Ed.) c. 231, § 96; *Morrill* v. *Crawford*, 278 Mass. 250, 252.

It was error to sustain the demurrer. Each of the counts of the declaration sets forth a cause of action and in doing so alleges in proper form that statements were made by the defendant which are actionable. Consequently whether, if either of these counts, but not both, was demurrable, the demurrer, being to the declaration as a whole, could rightly have been sustained as to that count only need not be considered. See *Brown* v. *Castles*, 11 Cush. 348; *Vitagraph, Inc.* v. *Park Theatre Co. of Boston*, 249 Mass. 25, 31.

1. The first count of the declaration — for spoken words — states a cause of action for slander, and is not defective in form in any particular specifically pointed out.

In "actions of libel and slander, it is sufficient to allege that the words or matter complained of were used in a defamatory sense, specifying such defamatory sense." G. L. (Ter. Ed.) c. 231, § 147, Forms, 18, Instruction. This requirement is met by the first count. It alleges that words were spoken of the plaintiff by the defendant meaning that she "did steal a pair of shoes from the defendant's store." The meaning so attributed by way of innuendo to

the words alleged to have been spoken is defamatory and imputes the commission of a crime by the plaintiff. Spoken words having such a meaning are actionable *per se*. *Dunnell* v. *Fiske*, 11 Met. 551, 554. *Crafer* v. *Hooper*, 194 Mass. 68. See *Commonwealth* v. *Kelley*, 184 Mass. 320, 323. See also *Brown* v. *Nickerson*, 5 Gray, 1, 2. The words alleged to have been spoken of the plaintiff, that "You . . . took a pair of shoes from the store . . . without paying for them," though capable of a nonslanderous meaning, are reasonably susceptible of the slanderous meaning attributed to them. Circumstances attending the use of these words might show that they were spoken with that meaning. *Nye* v. *Otis*, 8 Mass. 122, 124. *Wonson* v. *Sayward*, 13 Pick. 402. *Blount* v. *Mason*, 140 Mich. 1. See *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258, 261. See also *Commonwealth* v. *Barry*, 124 Mass. 325, 327. That the shoes were bought by the plaintiff, with or without the intention to pay for them, and not paid for is not the only meaning of which the words complained of are reasonably susceptible. Compare *Commonwealth* v. *Althause*, 207 Mass. 32, 45, 48–51. More than this may have been insinuated. *Merrill* v. *Post Publishing Co.* 197 Mass. 185, 193. A slander, as has been said of a libel, "does not need the categorical certainty of an indictment at common law." *Haynes* v. *Clinton Printing Co.* 169 Mass. 512, 513. See *Peck* v. *Wakefield Item Co.* 280 Mass. 451, 456.

Since the revision of the laws by General Laws changing the rule of pleading previously in force it is not necessary that a declaration for slander to be good against a demurrer set out circumstances attending the use of the words complained of showing that they were used with a slanderous meaning. If these circumstances "are necessary to make the words relied on intelligible to the court and jury in the same sense in which they were spoken," a statement thereof may be required on motion by the defendant. G. L. (Ter. Ed.) c. 231, § 147, Forms, 18, Instruction. *Morrill* v. *Crawford*, 278 Mass. 250, 253–254. Compare *Commonwealth* v. *Szliakys*, 254 Mass. 424, 426. But where the

words complained of are "reasonably susceptible of two or more meanings, one of which is defamatory," and circumstances showing that such words were used with that meaning are not set forth, an innuendo is necessary in the declaration to comply with the requirement that the defamatory sense in which the words were used be specified. *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258, 261. An innuendo, as here, specifying that the words were used in a defamatory sense of which they are reasonably susceptible and which renders them actionable, satisfies the requirements of pleading. The principle frequently stated that an innuendo cannot add anything to the meaning of the words, whatever its significance under the former rule of pleading (see *Brettun* v. *Anthony,* 103 Mass. 37, 39–40), signifies, as applied to the present rule, that an innuendo cannot add a meaning to the words alleged to have been used of which they are not reasonably susceptible. See *Lyman* v. *New England Newspaper Publishing Co.* 286 Mass. 258, 261. Compare *Colby Haberdashers, Inc.* v. *Bradstreet Co.* 267 Mass. 166, 170.

This count sufficiently alleges publication. *Downs* v. *Hawley,* 112 Mass. 237, 243. Indeed the defendant makes no contention to the contrary.

2. The second count of the declaration — for written words — states a cause of action for libel and is not defective in form in any particular specifically pointed out.

The principles governing the allegations in a declaration for libel of the defamatory nature of the written words complained of are the same as those already considered in connection with the count for slander. The count for libel alleges that words were written "imputing that the plaintiff had committed the crime of larceny." The meaning so attributed by way of innuendo to the words alleged to have been written is defamatory. If words having such a meaning had been spoken they would have been slanderous *per se* as imputing the commission of a crime. *Clay* v. *Brigham,* 8 Gray, 161. *Crafer* v. *Hooper,* 194 Mass. 68. *A fortiori* written words having such a meaning are actionable as libellous under the somewhat broader rule applicable to libel.

*Atwill* v. *Mackintosh*, 120 Mass. 177, 182.  *Haynes* v. *Clinton Printing Co.* 169 Mass. 512, 513.  *Robinson* v. *Coulter*, 215 Mass. 566, 570.  *Peck* v. *Wakefield Item Co.* 280 Mass. 451, 454.  The written words complained of included a reference to "a pair of boy's shoes that you took from the store without having paid for the same."  These words, as already pointed out in connection with similar spoken words, are reasonably susceptible of the defamatory meaning attributed to them.  And the context of these words in the letter does not preclude this meaning.

The allegation that the defendant "did publicly, falsely and maliciously write and publish of the plaintiff in a letter" the words complained of is sufficient in substance to allege the publication — to a third person, as the word connotes — essential to a cause of action for libel.  See *Downs* v. *Hawley*, 112 Mass. 237, 242.  The language of this allegation follows closely that used in the prescribed form of declaration for libel by letter, except that, unlike this form, it does not name and describe the person addressed, and the text of the letter set out implies that such letter was addressed to the plaintiff.  G. L. (Ter. Ed.) c. 231, § 147, Forms, 20.  But statements in a letter addressed to the plaintiff containing words defamatory of him may be published.  *Rumney* v. *Worthley*, 186 Mass. 144.  And the allegation that the words complained of were written "in a letter" does not limit the allegation that they were "publicly" published.  The allegation here in question is not distinguishable in principle from the allegation in *Riceman* v. *Union Indemnity Co.* 278 Mass. 149, that the defendant "wrote and published at Boston of and concerning the plaintiff in a letter and report" the words complained of as libellous, which was held to be sufficient, though the terms of the letter and report imported that it was addressed to divisions of the defendant corporation and not to a third person.  (Pages 150–151.)  Whether a mere general allegation that the defendant "did publicly . . . publish" words in a letter is in form a sufficient allegation of publication need not be considered.  No defect in the form of the allegation of publication is specifically pointed out by the demurrer as required by G. L. (Ter.

Ed.) c. 231, § 18, Fourth. *Steffe* v. *Old Colony Railroad,* 156 Mass. 262, 263. The cases relied on by the defendant deal with the sufficiency of the evidence of publication and not with the sufficiency of the allegation thereof in the declaration.

*Order sustaining demurrer reversed.*