RUBIN EPSTEIN *vs.* DUN & BRADSTREET, INC.

ATLANTIC FINANCE CORPORATION *vs.* SAME.

Suffolk.    October 6, 1939. — September 17, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Libel and Slander.    Corporation,* Officers and agents.

A report published by a credit reporting agency concerning a corporation, containing statements that an officer of the corporation had made specified assertions as to the extent of its business, its finances and the sources of its capital, that some of the assertions were contradicted by third persons and that as to another assertion the fact was otherwise than as asserted, could be found to impute untruthfulness to the officer and to be libellous as to him.

A statement published by a credit reporting agency attributing to one who was president, treasurer and a director of a corporation the making of false assertions concerning the extent of its business, its finances and the sources of its capital could be found to charge that the officer in making the assertions was speaking in behalf of the corporation and to be libellous as to it.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated January 9, 1939.

In each case the plaintiff appealed from the sustaining of a demurrer by *Pinanski,* J.

*S. T. Lakson,* for the plaintiffs, submitted a brief.

*J. S. Dawson,* for the defendant.

LUMMUS, J.    The defendant is a well-known credit reporting agency, which makes reports upon the financial condition of business men and corporations.    In January, 1938, it published a report concerning the corporate plaintiff, a corporation engaged in the business of lending money, of which corporation the individual plaintiff is president, treasurer and a director.    The full text of the report appears in a footnote.[1]    These actions are for libel in publishing the

---

[1] "The articles of organization showed $25,000. preferred stock and all of the common stock to have been paid in for cash.    The common stock had a book value of $1000.    On January 24, 1938, Epstein said that the common stock is now worth about $3000, and that the company has outstanding loans of approximately $70,000.    Although claiming that he has financed

report. The innuendo is in substance that the defendant meant that the individual plaintiff and the corporate plaintiff made false and unreliable claims and statements as to the size and extent of the business and finances of the corporate plaintiff and as to the sources of its capital. In each case the defendant demurred to the declaration, and its demurrer was sustained. Each plaintiff appealed.

"A demurrer to a declaration in libel cannot be sustained, nor can a case be withdrawn from the jury, unless the words (under the circumstances, G. L. [Ter. Ed.] c. 231, § 147, Forms, 18, *Instruction,* page 2893, *McCallum* v. *Lambie,* 145 Mass. 234, 237, *Friedman* v. *Connors,* 292 Mass. 371, 374–375) are incapable of a defamatory meaning." *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 34.

The assertion that Epstein was contradicted by other persons as to one statement and perhaps as to another, and as to a third that the fact was contrary to his statement, could be found to impute untruthfulness to him. In his action the sustaining of the demurrer was error. See *Friedman* v. *Connors,* 292 Mass. 371, 373, 374; *Fahy* v. *Melrose Free Press Inc.* 298 Mass. 267; *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 34.

As to the corporate plaintiff, there is no suggestion that it has not the assets that its articles of organization call for. But the corporate plaintiff alleges that "at all times since its organization he [Epstein] was, and still is, president and treasurer" and a director of the corporate plaintiff. The innuendo declares in substance that when the defendant attributed false statements to Epstein it attributed them to the corporate plaintiff. The defendant's words justify the innuendo if Epstein was speaking on behalf of

---

some of these loans through the company's bank, there have been no dealings of that kind as yet, according to the bank officials.

"Although it is claimed by Epstein, the company has made loans of $70,000., local authorities are not acquainted with the source of funds which would make it possible for the company to lend such an amount.

"Epstein claims he invested all of the capital in this business, consisting of $25,000. preferred and 1000 shares common stock, having a book value of $1. per share, but it is learned from other sources that Marks provided all but $7000. to $8000. of this money."

the corporation. We think that the declaration alleges in substance that the defendant charged that Epstein was so speaking. To say of a corporation that an officer acting with authority made false statements about its affairs may be found defamatory. *Finnish Temperance Society Sovittaja* v. *Finnish Socialistic Publishing Co.* 238 Mass. 345, 354. The declaration in this case also was proof against demurrer. In each case the entry will be

*Order sustaining demurrer reversed.*