THEODORE L. SAVAGE *vs.* SEYMOUR W. STEVENS.
SAME *vs.* DANIEL NORCROSS.

Suffolk.   Nov. 17, 1879. — Jan. 24, 1880.   MORTON & SOULE, JJ., absent,

After judgment and execution for damages and costs have been obtained and sat-
isfied in an action against one wrongdoer, while an action is pending against a
joint wrongdoer, the plaintiff is not entitled to a judgment for nominal damages
in the latter action, so as to enable him to recover the costs thereof also ; and
the judgment and satisfaction in the first action, having been pleaded by the
defendant in the second action and admitted by the plaintiff, is a bar to the
latter action, and the defendant is entitled to judgment for his costs.

TWO ACTIONS OF TORT for false and fraudulent representa-
tions.   The cases were submitted to the Superior Court, and,
after judgment for the defendants, to this court on appeal, on an
agreed statement of facts in substance as follows :

The plaintiff brought three separate actions of tort for the
same cause of action, the two above named and one against C. S.
Bridge.   All of the actions were brought on the same day, were
returnable at the same term of court, and were put in order for
trial at the same term.   At the trial of the action against
Stevens, the presiding judge directed a verdict for the defendant,
and the plaintiff alleged exceptions, which were sustained by the
Supreme Judicial Court, and a new trial ordered.   See 126
Mass. 207.   After the trial of this action, but before a new trial
had been ordered, the action against Bridge was tried, and a
verdict rendered therein for the plaintiff for $500, upon which
judgment was entered, and for costs, which was satisfied, and
the execution thereon was discharged.   After that judgment was
satisfied, each of these defendants filed a supplemental answer,
pleading the judgment and satisfaction in bar.

The plaintiff contends that he is entitled to nominal damages
and costs in both cases.   The defendants contend that they are
entitled to a general judgment, and for costs.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiff, in addition
to some of the cases referred to in the opinion, cited *Livingston* v.
*Bishop*, 1 Johns. 290; *Stevens* v. *Briggs*, 14 Vt. 44; *Wheeler* v.
*Fuller*, 39 Vt. 310 ; *Tarin* v. *Morris*, 2 Dall. 115 ; *Knott* v. *Cun-
ningham*, 2 Sneed, 204 ; *Sherman* v. *Brett*, 7 Wis. 139.

*A. V. Lynde & W. P. Harding*, for the defendants.

GRAY, C. J.   When an injury is done to one man by the wrongful act of several, the law allows him to proceed against them either jointly or severally, and, if he sues them severally, he may prosecute all the actions to judgment, although he can have but one satisfaction for the same injury.   By our law, judgment against one without satisfaction does not bar an action against the others. *Lovejoy* v. *Murray*, 3 Wall. 1.   *Elliott* v. *Hayden*, 104 Mass. 180.   It is clear, on the one hand, that, after judgment recovered and satisfied against one, no action can be commenced against the others ; and, on the other hand, that if the plaintiff prosecutes several actions to judgment before receiving any satisfaction, he may recover judgment in each action for damages and costs, and may levy execution in any one of the actions for the damages, and in each action for the costs adjudged to be due him.

The question now before us is whether, after judgment and execution for damages and costs have been obtained and satisfied in the action against one wrongdoer, while actions are pending against the others, judgments for nominal damages can be entered in these actions, so as to enable the plaintiff to recover the costs thereof also.   This is a question of practice rather than of principle, and, notwithstanding the variety of opinion in other courts, as shown by the cases cited at the argument, can hardly be considered an open one in this Commonwealth.

In *Gilmore* v. *Carr*, 2 Mass. 171, pending an action by the indorsee against the maker of a promissory note, judgment was recovered in an action by the plaintiff against the indorser for the amount of the note and costs, and execution was issued thereon and satisfied ; and these facts being submitted to the court in a case stated, it was held, by separate and concurring opinions of Chief Justice Parsons and Justices Sedgwick, Sewall and Parker, that in the action against the maker the judgment should not be for the plaintiff for nominal damages and costs, but for the defendant for his costs.

Subsequent decisions show that, if there had been no satisfaction, the plaintiff might have recovered judgment for damages and costs in each action ; *Simonds* v. *Center*, 6 Mass. 18 ; that the mere taking in execution of the body of the defendant in one action would not have barred the other action ; *Porter* v.

*Ingraham*, 10 Mass. 88; and that the court would not, against the plaintiff's objection, exercise its equitable power to stay proceedings in one action on the payment by the defendant therein of a sum of money into court which did not include the costs of both actions. *Whipple* v. *Newton*, 17 Pick. 168.

But the decision in *Gilmore* v. *Carr*, as to the effect upon one action of actual satisfaction received by the plaintiff of the amount of the judgment for damages and costs in the other, has never been overruled in this Commonwealth. In *Porter* v. *Ingraham*, which was decided by Justices Sewall, Thatcher and Jackson, in the absence of Chief Justice Parsons and of Mr. Justice Parker, the court, after observing that the practice recognized in *Gilmore* v. *Carr* varied from the practice in England and in Pennsylvania, said that, if there had been no distinction in any essential circumstance between the two cases, " we should be disposed to consider it as an authority by which this case also must be decided. At least, we should not overrule it without taking further time for consideration." And in *Whipple* v. *Newton*, decided by Chief Justice Shaw and Justices Putnam, Wilde and Morton, the very reason assigned for refusing to allow the payment into court was, that " it would not only deprive the plaintiff of his costs in a suit rightly brought on a good cause of action, but leave him exposed to pay costs to the defendant," — thus clearly affirming that the effect of a satisfaction in one action would be to entitle the defendant to judgment for his costs in the other.

The decision in *Gilmore* v. *Carr* has been followed in New Hampshire and in Maine. *Farwell* v. *Hilliard*, 3 N. H. 318. *Maine Bank* v. *Osborn*, 13 Maine, 49. *Foster* v. *Buffum*, 20 Maine, 124. And the same rule has been applied to the case of several actions against joint trespassers in *Mitchell* v. *Libbey*, 33 Maine, 74, and in *Ayer* v. *Ashmead*, 31 Conn. 447.

There is less reason for sustaining the plaintiff's position in the cases now before us than in *Gilmore* v. *Carr*. In that case, as the law then stood, the maker and the indorser of a promissory note could not have been sued in one action, (as they now can, under Gen. Sts. *c.* 129, § 4,) and the defence relied on might have been given in evidence, without any special plea, under the general issue of *non assumpsit*. But this plaintiff might, at his

election, have brought a single action against all the defendants; and, under the new practice act, all matters in avoidance must be specially pleaded, and no supplemental answer alleging facts which have occurred since the former answer can be filed without leave of the court, and on complying with such terms in the matter of costs as the court may see fit to impose. Gen. Sts. *c.* 129, §§ 15, 20, 25, 41. The plaintiff, in such a case as this, may ordinarily find adequate protection of his rights, either by bringing one action against all the wrongdoers jointly, or by prosecuting his several actions to judgment before he levies any execution, or, when the regular time for pleading has expired, (and if it has not, his costs cannot be large,) by appealing to the discretion of the court, if he can show good reasons for having brought several actions instead of one, to refuse to allow the proposed answer to be filed except upon the terms of paying his costs to that time.

The plaintiff, after having submitted the effect of the defence pleaded in the supplemental answers to the judgment of the court upon a case stated, cannot object that these answers were not duly filed; and the judgment and satisfaction against a joint wrongdoer, having been pleaded by the defendant and admitted by the plaintiff, is a bar to these actions for the same injury. In England, by rule of court, upon the filing of any plea in the nature of one *puis darrein continuance,* the plaintiff may confess it and have judgment for his costs. *Barnett* v. *London & Northwestern Railway,* 5 H. & N. 604. *Foster* v. *Gamgee,* 1 Q. B. D. 666. But, by our statutes, no special provision is made, except in the case of pleading a discharge in bankruptcy or insolvency; and the present cases fall under the general rule, and each defendant, as the prevailing party, is entitled to judgment for his costs. Gen. Sts. *c.* 156, §§ 1–3.    *Judgments affirmed.*