### CHARLES W. CHRISTOPHER *vs.* THOMAS B. AKIN.

Bristol.   January 15, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Slander,* Privileged communications. *Practice, Civil,* Exceptions.

A communication by one person, imputing crime to another, is a privileged communication if it is made in good faith, without malicious motive, in the belief that it is true, in reference to a matter in which the person making it is immediately interested and for the purpose of protecting his interest.

At the trial of an action for slander it appeared that the defendant, who was the plaintiff's employer, had deducted from the plaintiff's pay envelope an amount which he had paid to one from whom, he had been told, the plaintiff had stolen certain property while working for the defendant, that in the presence of others the plaintiff asked why the deduction was made and that, the plaintiff having answered affirmatively an inquiry by the defendant as to whether he wished to be told in the presence of the others, the defendant stated that the deduction represented property stolen by the plaintiff from the customer. There was evidence tending to show that the defendant believed the accusation to be true and that he acted in good faith without malicious motive. The trial judge refused to grant a request of the defendant that the jury be instructed in substance that the defendant's statement was privileged if made in response to the plaintiff's request and after the plaintiff had said to the defendant that he wished the defendant's explanation in the presence of the other men. The judge instructed the jury that the defendant had a right, in response to the plaintiff's question, to explain that he made the deduction because he believed that the plaintiff had taken the property, but that he had no right to say that the plaintiff had stolen it. *Held,* that the jury should have been instructed in substance as the defendant requested; and that the judge's charge interpreted the law too narrowly and did not cure his error in refusing the defendant's request.

TORT for slander.   Writ dated October 19, 1910.

In the Superior Court the case was tried before *Lawton,* J. The material facts are stated in the opinion.   The jury found for

the plaintiff in the sum of $200; and the defendant alleged exceptions.

The case was considered on a brief filed by the defendant, the plaintiff after notice from the court having failed to submit a brief.

*M. R. Hitch,* for the defendant.

MORTON, J. The plaintiff was a journeyman painter in the employ of the defendant, and was at work on the house of one Tillinghast. Tillinghast complained to the defendant that some of his men had stolen a putty knife and other property belonging to him. The defendant recompensed Tillinghast for the property and testified that he was told by one of his men that the plaintiff had admitted to him that he took the putty knife. The men were paid off by the defendant at his shop on Saturday night, — their time being made up to Wednesday. Their pay was handed to them in envelopes. When a man was discharged his envelope contained his pay up to Saturday night. The plaintiff's envelope contained his pay in full, less what the defendant had paid Tillinghast for the property, with a bill for it. There were four or five men in the shop waiting to be paid off when it came the plaintiff's turn to be paid. The plaintiff opened his envelope and counted the money and found the bill. The plaintiff testified that he asked the defendant what that meant, and that the defendant said in response, "Do you want to know in front of all these men?" and he said ".Yes," whereupon the plaintiff testified that the defendant said, "That is the stuff you stole from the Tillinghast job." What was testified to by the plaintiff as having been said by the defendant was contradicted by the defendant and three other witnesses who were present. What the defendant testified that he said was that "Tillinghast had complained to me that certain stuff had been taken and I thought he took it and the bill was for that." The other witnesses stated in substance that the defendant said that the bill was for things taken from the Tillinghast job. The verdict of the jury must be taken to have settled, however, that the plaintiff's account of what took place was the correct version.

The defendant asked the presiding judge in substance to instruct the jury that any statements by the defendant imputing theft would be privileged if made in explanation of, and in answer to a request by the plaintiff to know, what the bill for the putty

knife and other articles in his envelope meant, and if made after the defendant had asked him if he wanted him to tell him before the people in the shop and he had answered that he did. The judge declined to instruct as thus requested, but instructed the jury in substance, amongst other things, that, if the defendant had said to the plaintiff that Tillinghast had missed the articles and claimed that they had been taken by the defendant's men and the defendant had recognized the claim and had paid Tillinghast and that he believed that they had been taken by the plaintiff and felt that he had a right to charge them to him, he would have had a right to say it and there would have been no slander. But he did not have a right to say to the plaintiff even in reply to his request for information and after he had agreed that he might tell him in the presence of the other men that he (the plaintiff) stole them.

We do not think that the law of privileged communications is to be interpreted so narrowly. Whether a communication is or is not privileged does not depend so much on the manner or form in which crime is imputed, where the alleged slander consists as here of a charge of crime, as on the occasion and circumstances under which the charge is made. If made in good faith in reference to a matter in which the person making it is immediately interested, and for the purpose of protecting his interest and in the belief that it is true and without any malicious motive, the communication is what is termed privileged; that is, the occasion and the circumstances under which it is made are held to be such as, if nothing more appears, to excuse or justify the statements that are made. But "If," as said in *Brow* v. *Hathaway*, 13 Allen, 239, 242, "unnecessary publicity be given to the statements, or if they go beyond what is reasonable in imputing crime, these circumstances may tend to show malice in fact; as well as evidence that the defendant knew them to be false, or had no sufficient reason to believe them true, or that he improperly sought or used the occasion to utter the defamatory words. But however strong the evidence from these sources may be, and however irresistible the conclusion of malice to be drawn therefrom, it is a conclusion of fact, and is to be drawn by the jury, and not by the court."

Applying the principles thus laid down, we think that the jury should have been instructed in substance as requested. There was evidence tending to show that the charge was made in good faith,

without unnecessary publicity, and under circumstances which the plaintiff himself invited; that the defendant believed it to be true; and that it related to a matter in which he was immediately interested, and was made for the purpose of protecting his interest. This evidence if believed would warrant the jury in finding we think that a case of privileged communication was made out. See *Remington* v. *Congdon,* 2 Pick. 310.

In addition to the instructions that were requested and refused, exceptions were also taken to portions of the charge on the ground that they assumed a state of the evidence which did not exist. But inasmuch as the exceptions to the refusal to give the instructions requested in regard to the matter of privileged communications must be sustained, we do not deem it necessary to consider those taken to the portions of the charge thus referred to.

*Exceptions sustained.*