GEORGE A. WORMWOOD *vs.* ELBREN L. LEE.

Suffolk.    January 17, 1917. — March 12, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Slander,* Privileged communication.    *Malice.*

At the trial of an action of tort for slander by an employee in a fish factory against his employer, a common friend of the plaintiff and of the defendant testified that the defendant stated to him that he had been told by two of the defendant's

employees that there was a man at the defendant's factory a few days before to buy some fish, and that this man asked for the plaintiff and told them "that he had bought fish from" the plaintiff "two or three times before." The common friend further testified that the defendant said that he would like to have the friend speak to the plaintiff about the matter "as he would like to clear the matter up for his own protection, and if any one was stealing fish he wanted to know it so that he could protect himself." There was no evidence of express malice or of special damage. *Held,* that it was for the jury to determine whether the defendant had reasonable cause to believe that thefts were taking place and whether his statement to the common friend was made in good faith in the belief that it was true, for his own protection and in an attempt merely to discover the guilty party, and that such findings were warranted by the evidence.

If the findings above described were made by the jury, there being no evidence of express malice, the statement was privileged.

The question, whether the circumstances under which the statement above described was made by the plaintiff were or were not such as to make it a privileged communication, being for the jury, and it being possible that the jury might find that the defendant in a communication not privileged accused the plaintiff of the crime of larceny, the judge properly might refuse to rule either that "no presumption of malice arose from the speaking of the words by the defendant," or that "the plaintiff cannot recover without proof of express malice."

TORT for slander. Writ dated February 18, 1915.

In the Superior Court the case was tried before *Bell,* J. The bill of exceptions contained the statement that there "was no evidence of any express malice or that the plaintiff had been injured or suffered any loss by reason of the words spoken other than mental suffering." Other material evidence is described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. No presumption of malice arose from the speaking of the words by the defendant.

"2. The plaintiff cannot recover without proof of express malice.

"3. If the statements to Kincaid were made in good faith in the belief that they were true and with no motive of malice in relation to a matter in which the defendant was immediately concerned in interest and for the purpose of protecting his own interest they were privileged."

The judge refused to give the rulings. There was a verdict for the plaintiff in the sum of $550; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. L. Kiernan,* for the defendant.

*F. W. Mansfield & E. R. Mansfield,* for the plaintiff.

CROSBY, J. This is an action for slander. The alleged cause of action arose while the plaintiff was in the employ of the defendant. One Kincaid, who was a common friend of the parties, was called as a witness by the plaintiff and testified that the defendant stated to him [Kincaid] substantially as follows: that Dodwell and Smith, two of his [the defendant's] employees, told him there was a man at the defendant's factory a few days before to buy some fish, and that this man asked for Wormwood, the plaintiff, "and told Dodwell and Smith (so they said) that he had bought fish from Wormwood two or three times before; that he [the defendant] would like to have Kincaid speak to the plaintiff about it as he would like to clear the matter up for his own protection, and if any one was stealing fish he wanted to know it so that he could protect himself."

Kincaid further testified that while making this statement the defendant spoke in an ordinary tone; that he was not excited and did not show any ill feeling toward the plaintiff; that the defendant said if fish were being taken that he would like to find out who did it so that he could protect himself in the future.

In an action for slander, upon proof that words in themselves actionable have been spoken, there is a presumption of malice as an inference of law, but if the words are spoken under such circumstances as to be privileged, the presumption of malice is rebutted and the action will not lie unless malice in fact is proved.

The jury could have found that the defendant had reasonable cause to believe that some one had been stealing his goods and that he attempted merely to discover the guilty party in order to protect himself, and that the statement to Kincaid was so made in good faith in the belief that it was true. If the jury so found, the words spoken would be privileged. Accordingly the defendant's third request in substance should have been given. *Christopher* v. *Akin,* 214 Mass. 332. *Dale* v. *Harris,* 109 Mass. 193. *Brow* v. *Hathaway,* 13 Allen, 239.

If, however, the jury found that the statement amounted to a charge of larceny and was false, and that it was not made under such circumstances as to be privileged, then malice would be presumed and the plaintiff could recover without proof of actual

malice. It follows that the defendant's first and second requests could not have been given.

As the third request was refused, the entry must be

*Exceptions sustained.*