## BRIDGET A. RYAN *vs.* AMANDA E. ANNELIN.

Worcester.   October 1, 1917. — December 31, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Pleading and Practice*, Waiver of want of equity, Costs, Report by judge. *Practice, Civil,* Costs. *Judgment,* Satisfaction. *Joint Tortfeasors.*

Where in a suit in equity the defendant answers to the bill without demurrer and goes to trial on the merits he has waived any right to set up want of equity in the allegations of the bill.

Where two persons are sued in separate actions for the same cause of action and a judgment for the full amount of damages with costs is entered against each of them, if one of them pays the judgment in full, this discharges the other from his liability for the damages but he still is liable for the costs awarded against him.

Under the authority given to a trial judge by R. L. c. 203, § 9, where two cases are tried together, to "reduce the witness fees and other costs," if the two cases are against different persons and each for the same cause of action and a recovery is had against each of the defendants, although the judge may order that only one set of costs shall be recovered provided that appears to be just, he is not obliged to make such an order, and, after a separate judgment for the full amount of damages with costs has been entered against each defendant, it is not possible to make such a readjustment.

Although in the present suit in equity, which was reported by the trial judge for determination by this court, it was stated in the record that a "final decree" had been entered, the record was treated as presenting an order for a decree, because after a final decree the only report that the trial judge could make would be of the material facts in case of an appeal.

In the same case it was *said* that, where on an appeal from a final decree in equity no error appears, the correct disposition of the case is by an order affirming the decree and not by an order dismissing the appeal as was provided by the form of the report in the present case.

BILL IN EQUITY, filed in the Superior Court on June 7, 1917, to restrain the collection of a judgment in an action at law against the plaintiff, as described in the opinion.

The case was heard by *Hamilton,* J., who made a "final decree," treated by this court as an order for a decree, "that said judgment in the common law case of Annelin v. Ryan is satisfied in full except for the sum of thirty-four and 11/100 dollars costs." The defendant appealed. At the request of the defendant with the consent of the plaintiff the judge reported the case for determination by this court.

R. L. c. 203, § 9, is as follows: "If two or more cases are tried together in the Supreme Judicial Court, in the Superior Court or in a police, district or municipal court, the presiding judge may reduce the witness fees and other costs; but not less than the ordinary witness fees and other costs recoverable in one of the cases which are so tried together shall be allowed."

The case was submitted on briefs.

*J. G. Annala,* for the defendant.

*J. P. Carney & H. W. Blake,* for the plaintiff.

RUGG, C. J. This is a suit in equity whereby the plaintiff seeks to restrain the defendant from collecting an execution against her. The case proceeded to trial without objection. That was a waiver of any right to set up want of equity. *Bauer* v. *International Waste Co.* 201 Mass. 197.

The pertinent facts are that the defendant at different times brought two several actions, one against the plaintiff and the other against one Canavan, both for the same cause of action, and recovered general verdicts in each action for the same amount. Judgment was entered in favor of the present defendant in the action against Canavan for $355.62, debt and damages, and for $75.70 costs. Although the evidence was conflicting, it might have been found, as seemingly it was found by the judge of the Superior Court, that this judgment had been paid in full. There is no reason for disturbing that finding. The credibility of witnesses was wholly for the trial judge. The present plaintiff filed exceptions and a motion for a new trial in the action by the present defendant against her, upon which proceedings were had resulting in a remission of $38, the dismissal of the exceptions and the entry of judgment in favor of the present defendant for $323.92, debt and damages, and for $92.03, costs. It is to restrain the collection of an execution issued on this judgment that the present suit is brought.

The present defendant as plaintiff in the original actions had a right to prosecute both to judgment, but to collect only one satisfaction of the debt or damage. *Corey* v. *Havener,* 182 Mass. 250. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 180. But she had a right to collect costs in both actions after having recovered judgments in both. It was said by Chief Justice Gray in *Savage* v. *Stevens,* 128 Mass. 254, at page 255, "It is clear . . . that if the plaintiff prosecutes several actions to judgment before receiving

any satisfaction, he may recover judgment in each action for damages and costs, and may levy execution in any one of the actions for the damages, and in each action for the costs adjudged to be due him." Other decisions to the same point are *Cook* v. *Hinsdale*, 4 Cush. 134, 138, and *Whipple* v. *Newton*, 17 Pick. 168.

In the case at bar it was recited in the order for a final decree that the judgment in the action of the present defendant against the present plaintiff was "satisfied in full except for the sum of thirty-four and 11/100 dollars costs." The judge filed no finding of facts and hence the basis for this conclusion is not stated and that arithmetical result is not easily manifest from the report. There was no evidence that the present defendant was paid anything more than the amount of the judgment for debt and costs in the action against Canavan. The ninety-three cents which was collected in excess of the face of that judgment presumably was interest for thirteen days. There was no evidence that anything had been paid directly on the judgment against the present plaintiff. Although the debt in the judgment against Canavan was larger than in that against the present plaintiff, she is not entitled to the benefit of that circumstance in this proceeding. The judgment against Canavan was established by the record of the court. Therefore it imported incontrovertible verity and could not be contradicted. In receiving payment of that judgment in full the defendant received no more than was due her. The only benefit which the present plaintiff gained by the payment of that judgment was the satisfaction of the portion of the judgment against her for debt or damages, but not for costs. The judgment against her for costs remained outstanding and unsatisfied in whole or in part.

Although the court before entering judgments in the original actions might have reduced the witness fees and other costs so that no more than one full set of costs might have been recovered under R. L. c. 203, § 9, (since perhaps it may be inferred that the cases were tried together,) provided that appeared to be just, it is not possible to make such a readjustment after judgment.

The record states that the court entered a "Final Decree" in substance that, if the plaintiff paid the defendant $34.11, perpetual injunction should issue, otherwise the defendant might proceed to the collection of that amount only, and that the de-

fendant appealed, and that then the court reported the case in these terms: "If, in any aspect of the pleadings and evidence, the decree was right, the appeal is to be dismissed; otherwise such a decree is to be entered as the merits of the case require." This was irregular. If the decree was in truth final, as this was according to its terms and effect, then after its actual entry the judge could not report the case further than to perfect the record so that all questions presented might be considered on the appeal. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. If the case were an appeal from a final decree and there was no error, the correct disposition of the case would not be to dismiss the appeal but to affirm the decree. However, we treat the record as presenting an order for a decree and not the entry of a final decree. *Bartlett* v. *Slater*, 211 Mass. 334, 352.

On the record as it now stands the plaintiff owes to the defendant the entire amount of costs adjudged to be due in the action of the defendant against the plaintiff. The order for final decree is to be modified by the insertion of that sum with interest to the date of the entry of the decree in place of the sum of "thirty-four and 11/100 dollars" in the two places where those words and figures occur, and as thus modified is to be entered as the final decree.

*So ordered.*