ELIZABETH PION *vs.* AMEDEE CARON.
SAME *vs.* MARIE L. CARON.

Middlesex. November 10, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Slander. Damages,* In tort. *Agency,* Liability of principal for slander by agent. *Joint Tortfeasors. Practice, Civil,* Verdict.

In an action of tort for slander in speaking certain words charging theft, where there is evidence tending to show that the defendant spoke the words substantially as charged in the declaration and the evidence is controverted, it is

a.question of fact on all the evidence what was said on the occasion described in the declaration.

An action of tort for slander in speaking certain words charging theft may be maintained, although the words were spoken in response to a request by the plaintiff for reasons why she was being discharged from employment, if it appears that they were spoken in bad faith, with ill will and malice; and, where the defendant testified that he was "a little angry," and that, when he discharged the plaintiff, he did not believe that she had stolen anything and the jury found that he accused her of theft substantially as alleged in the declaration, they were justified in finding further that the words were spoken with ill will and malice and in finding for the plaintiff.

Evidence in an action of tort for slander which tends to show that the words were spoken in the French language and were heard by several fellow employees of the plaintiff and by two police officers who understood French, will warrant a finding of publication of the slander.

In an action of tort for slander, it is not necessary to prove that the exact words charged in the declaration were spoken: it is enough if it is proved that words were spoken in substance as alleged.

Mental suffering caused by the publication of a slander charging a crime is a proper element of damage which the plaintiff is entitled to be compensated for in an action of tort for slander.

At the trial of an action of tort against a woman for slanderous words charging a crime spoken of the plaintiff by the husband of the defendant, it appeared that the words were spoken by the husband when, in obedience to orders of the defendant, he discharged the plaintiff from employment in the defendant's store, where he was employed as assistant manager. *Held,* that a finding was warranted that the words were spoken by the husband while acting as an employee of the defendant and within the scope of his employment.

If a husband, while acting as an employee of his wife and within the scope of his employment, utters slanderous words of another, the person slandered may maintain separate actions of tort against the husband and against the wife, and may recover the full amount of his damage in each action, although there can be but one satisfaction in damages.

Two ACTIONS OF TORT for slander, the declarations alleging that the words, which accused the plaintiff of stealing, were spoken by the defendant in the first action, it being alleged in the second action that in doing so he acted as the servant and agent of the defendant in the second action. Writs dated June 20, 1919.

In the Superior Court, the actions were tried together before *Raymond,* J. Material evidence is described in the opinion. At the close of the evidence, the defendants asked for the following rulings in each case:

"1. Upon all the evidence the plaintiff cannot recover.

"2. The occasion on which the defendant is alleged to have spoken the words set forth in the plaintiff's declaration was a privileged occasion.

"3. The words alleged to have been spoken by the defendant were a privileged communication.

"4. There is no evidence sufficient to justify a finding of malice on the part of the defendant, and therefore, the plaintiff is not entitled to recover any damage for the speaking of said words.

"5. There is not sufficient evidence of publication by the defendant of the words alleged to have been spoken by the defendant and therefore the plaintiff is not entitled to recover."

"9. There is a variance between the allegations contained in the plaintiff's declaration and the evidence in the case, and therefore, the plaintiff cannot recover.

"10. The plaintiff cannot recover damages from the defendant for injury to her feelings caused by the speaking to her of the words alleged to have been spoken.

"11. Even if there were other persons present when the words contained in the plaintiff's declaration are alleged to have been spoken, if said words were spoken to the plaintiff in reply to a request by her of [for] the reasons why she was being discharged, the plaintiff cannot recover.

"12. The plaintiff cannot recover against both defendants for the speaking of the same words."

As to the eleventh ruling requested, the judge charged the jury that, if the substance of the words charged to have been spoken were spoken by the defendant in the first action in reply to a request by the plaintiff for the reasons for her discharge, neither defendant would be liable, unless the words were not spoken in good faith, but were spoken in bad faith, with ill will and maliciously, in which case there would be liability.

The other rulings requested were refused. There was a verdict for the plaintiff in each action in the sum of $315; and each defendant alleged exceptions.

*H. V. Charbonneau,* for the defendants.

*F. M. Qua,* for the plaintiff.

CROSBY, J. These are actions of tort for slander. The defendants are husband and wife. The latter was the proprietor of a department store and her husband was employed by her therein as assistant manager, charged with the general duty of looking after the store and the stock. On the night of April 9, 1919, she told him to discharge the plaintiff, who was employed

as a clerk in the store. On the following morning when he discharged the plaintiff, there was evidence that he charged her with theft in substantially the words set forth in the declaration, spoken in French, in the presence of several persons who understood that language.

The defendant Amedee Caron testified that on the occasion referred to he did not accuse the plaintiff of theft but discharged her for other reasons, and that whatever words he then used were spoken in answer to a question by her as to what she had done. This was denied by the plaintiff. In these circumstances it was a question of fact for the jury on all the evidence as to what was said by the parties on that occasion.

It is the contention of the defendants that if the words alleged were spoken, they were spoken under such circumstances as to be privileged. It is undoubtedly true that if the defendants, having reasonable cause to believe that some one had been stealing goods from the store, had attempted merely to discover the guilty party for their own protection, and in good faith, without malice, and in the belief that it was true had charged the plaintiff with theft, the words would be privileged. *Brow* v. *Hathaway*, 13 Allen, 239. *Dale* v. *Harris*, 109 Mass. 193. *Billings* v. *Fairbanks*, 136 Mass. 177. *Christopher* v. *Akin*, 214 Mass. 332. *Wormwood* v. *Lee*, 226 Mass. 339.

Where, as in the case at bar, the words alleged to have been spoken are of themselves actionable, the law infers that they were spoken with a malicious intent. This inference, however, may be rebutted when the circumstances are such as to exclude the idea of malice and it is shown that they were spoken in good faith in the performance of a duty with an honest intent to protect the interest of the party using the words, and the plaintiff must prove malice in fact in order to recover. There was evidence that the defendant, who is alleged to have made the charge, spoke in a loud tone of voice. He testified that he was "a little angry;" he further testified that when he discharged the plaintiff he did not believe that she had stolen anything. As the verdict has established the fact that he did accuse her of stealing, it would seem that he made the charge although he believed it to be false. It was a question of fact whether he was acting in good faith or in part from malice. *Robinson* v. *Van Auken*, 190 Mass. 161. *Crafer* v.

*Hooper,* 194 Mass. 68. Accordingly the defendants' first, second, third and fourth requests were rightly refused.

There was evidence that several employees and two police officers who understood French were in the store when the words were spoken, and that they were spoken in French; and one witness testified that she understood that language and heard and understood the words complained of. If this evidence was believed, it was sufficient to show a publication of the words in question. Accordingly the fifth request could not properly have been given.

It was not necessary to show that the exact words charged were spoken, but only that the substance of the language was proved. *Robinson v. Van Auken, supra.* In the case at bar, there was evidence that the words spoken were substantially as alleged. It follows that the ninth request was rightly denied.

The tenth request could not have been given. The plaintiff is entitled to recover as an element of damages for mental suffering caused by the publication of the slander. *Chesley v. Tompson,* 137 Mass. 136. *Finger v. Pollack,* 188 Mass. 208. *Ellis v. Brockton Publishing Co.* 198 Mass. 538, 543.

The eleventh request was fully covered by the charge so far as it properly could have been given.

The action against the female defendant was brought to recover damages for the slanderous words uttered by her husband while in her employ, as her servant and agent. Upon familiar principles a master is liable for the wrongful acts of his servant committed within the scope of his authority. *Zinn v. Rice,* 161 Mass. 571. *Borley v. Allison,* 181 Mass. 246, 248. *Devine v. New York, New Haven, & Hartford Railroad,* 205 Mass. 416. *Murphy v. Bay State Wine & Spirit Co.* 212 Mass. 285. *Mills v. W. T. Grant Co.* 233 Mass. 140. She testified that her husband was assistant manager charged with the duty of looking after the store and the stock, and that on the night of April 9, 1919, she told him to discharge the plaintiff. If, as the jury could have found, the slander was uttered while carrying out that order, it is clear that the wrong he committed could be found to have been within the scope of his employment, for which she would be responsible.

If the tort was committed, it could have been found that both defendants were liable although there could be but one satisfaction in damages, and the jury were so instructed. *Elliott v. Hayden,*

104 Mass. 180. *Oulighan* v. *Butler*, 189 Mass. 287, 293. *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575, 582. *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, 87. The twelfth request was rightly denied.

As no error of law appears, the entry must be

*Exceptions overruled.*