CHARLES M. GORDON & another, administrators, *vs.* CROSS AND ROBERTS, INC.

Suffolk.    May 15, 1934. — July 2, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Election.

The judge presiding at the trial together of two actions of tort by an administrator, under G. L. (Ter. Ed.) c. 229, § 5, for causing the death of his intestate, one action being against the driver of a motor vehicle, whose negligence caused the death, and the other against the driver's employer, rightly may deny a motion by the employer, presented at the close of the evidence, that the plaintiff be required to elect between the actions: he may permit the plaintiff to pursue both employer and employee until satisfaction is obtained.

TORT. Writ dated March 19, 1930.

In the Superior Court, the action was tried, together with an action by the same plaintiffs against one Harry Nelson,

before *Bishop*, J. There were verdicts for the plaintiffs in each action in the sum of $550. The only exceptions brought before this court were with respect to the refusal of the judge to compel the plaintiffs to elect between the actions.

*T. H. Mahony*, for the defendant.

No argument nor brief for the plaintiffs.

LUMMUS, J. One Nelson, while operating an automobile in the course of his employment as a servant of the defendant, negligently caused the death of the plaintiffs' intestate, a pedestrian. The plaintiffs brought two actions for the death, under G. L. (Ter. Ed.) c. 229, § 5, one against Nelson and the other against the defendant. At the trial of those actions together, the defendant moved at the close of the evidence that the plaintiffs be required to elect between the actions. To the denial of this motion the defendant excepted. The defendant then moved for a directed verdict in its favor, evidently on the ground that the actions could not be prosecuted together, and excepted to the denial of this motion also. The jury awarded the plaintiffs $500 damages for death in each action, and the defendant excepted "to the jury's verdict against it."

There was no joint tort, but the actual fault was that of the servant alone. For that reason, if no other existed, a single action against master and servant would not lie. *Popkin* v. *Goldman*, 266 Mass. 531, 536. See also *Hewett* v. *Swift*, 3 Allen, 420, 424, 425; *Gavin* v. *Kluge*, 275 Mass. 372, 379. Besides, in death cases no single action against joint wrongdoers can be maintained. *Brown* v. *Thayer*, 212 Mass. 392, 399, 400. Since there was but one wrong, there is force in the argument that only one penalty should be collected, and that ultimately the burden should fall upon the servant. See *White* v. *Phillipston*, 10 Met. 108, 111, explained in *Moynihan* v. *Todd*, 188 Mass. 301, 303; *Porter* v. *Sorell*, 280 Mass. 457. That need not be decided now. Both master and servant, however, were liable to the plaintiffs in separate actions. The judge was not bound to compel the plaintiffs to elect at the trial (see *Bruce* v. *Johnson*, 277 Mass. 273,

275), but might permit them to pursue both master and servant until satisfaction was obtained. See *Pion* v. *Caron,* 237 Mass. 107, 111, 112.

*Exceptions overruled.*