J. MILTON LEONARD, administrator with the will annexed, *vs.* LUMBERMENS MUTUAL CASUALTY COMPANY & another.

Suffolk.  November 5, 1936. — September 24, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Agency,* What constitutes, Actions against both principal and agent for agent's tort.  *Res Judicata.  Judgment.  Negligence,* Causing death.  *Insurance,* Motor vehicle liability.  *Practice, Civil,* Costs.  *Equity Jurisdiction,* To enforce liability insurance.

After an insurer of the owner of an automobile in an agreed statement of facts had agreed that a previous judgment against the owner was based upon negligent operation of the automobile by the owner's daughter causing death to which no negligence of the owner contributed, it was not open to the insurer to contend that at the time of her negligence the daughter was not the owner's agent.

After an insurer had satisfied a judgment against an agent rendered in an action brought to recover for the death of a person under G. L. (Ter. Ed.) c. 229, § 5, it could not be required to satisfy also so much of a judgment as represented damages recovered in a separate action against the principal for the same tort to which no negligence of the principal contributed; it was, however, required to satisfy so much of that judgment as represented costs.

BILL IN EQUITY, filed in the Superior Court on April 10, 1935.

The suit was heard by *Hanify,* J., by whose order a final decree was entered dismissing the bill.  The plaintiff appealed.

*A. M. Beale,* for the plaintiff.

*H. F. Hathaway,* for the defendants.

DONAHUE, J.  The plaintiff administrator, in separate actions, brought under G. L. (Ter. Ed.) c. 229, § 5, recovered judgments for the death of his testator against the individual defendant in this suit and against her daughter.

The amount of the verdict in each case was the same. The death of the plaintiff's testator was caused by the negligent operation of the mother's automobile by the daughter. The mother was not riding in the automobile at the time of the accident.

The defendant insurance company, which had issued to the mother a motor vehicle liability insurance policy, has paid to the plaintiff administrator the amount of the judgment recovered by him in the action in which the daughter was the defendant. The plaintiff by this bill in equity seeks to reach and apply to the payment of the judgment in the action in which the mother was the defendant, the obligation of the insurance company under its policy. G. L. (Ter. Ed.) c. 214, § 3 (10). A judge of the Superior Court entered a decree dismissing the bill with costs.

The defendant insurer makes the contention that the daughter did not, at the time of the accident, have the status of an agent of the mother. That contention is not now open. An "agreed statement of facts" contains the agreement of the parties that "the negligence complained of and proved" in the two actions brought to recover for the death of the plaintiff's testator was the negligence of the daughter, and that no negligence of the mother contributed to cause the death. The judgment against the mother therefore must necessarily have included the adjudication that, while not personally negligent, she was legally responsible for the result of negligent operation of the automobile by her daughter because of an agency relationship existing between them. See G. L. (Ter. Ed.) c. 229, § 5; *McNeil* v. *Powers*, 266 Mass. 446; *Nash* v. *Lang*, 268 Mass. 407, 410; *Bruce* v. *Hanks*, 277 Mass. 268, 272. That adjudication is conclusive against the insurer's contention that no such relationship existed. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448. *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 106.

The question here presented is whether the satisfaction of a judgment against an agent in an action brought to recover for the death of a person under G. L. (Ter. Ed.)

c. 229, § 5, bars the satisfaction of a judgment against the principal in a similar action brought to recover for the same death.

It is the general rule that, although judgments may be recovered against all persons participating in a single wrong, there can be only one full satisfaction or indemnity. *Stone* v. *Dickinson*, 5 Allen, 29, 32. *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575, 582. The principle applies where actions are brought against both principal and agent for the same tort. *Pion* v. *Caron*, 237 Mass. 107, 111, and cases cited. *Gordon* v. *Cross & Roberts, Inc.* 287 Mass. 362, 364. The plaintiff contends that this rule is not here applicable because the two original actions were brought under a death statute which is held penal in character, the damages being assessed on the theory of punishment and not of compensation. G. L. (Ter. Ed.) c. 229, § 5. *Macchiaroli* v. *Howell*, 294 Mass. 144, 147. The plaintiff relies largely on the case of *Porter* v. *Sorell*, 280 Mass. 457. In that case, however, it was the joint negligence of two tortfeasors which caused the death, and the relation of principal and agent between the defendants in the two original actions did not exist.

In the present case there was a single tort: the negligence of the daughter in operating the automobile. No negligent act or omission of the mother played any part in the causation of the death of the plaintiff's testator. The right of the plaintiff administrator to bring the original action against the mother was created by a statute which in terms gave a right of action against a person for a death negligently caused by his agent. G. L. (Ter. Ed.) c. 229, § 5. Negligence of the principal himself is not an element entering into the determination of liability in such a case. The liability of the mother in the present case was based, not on any personal fault, for there was none, but on the agency relationship which existed between the mother and her negligent daughter. Her liability was derivative, not arising from any wrong committed by her. See *Gilpatrick* v. *Cotting*, 214 Mass. 426, 428; *Boott Mills* v. *Boston & Maine*

*Railroad,* 218 Mass. 582, 591; *Roosen* v. *Peter Bent Brigham Hospital,* 235 Mass. 66, 70–72; *Gordon* v. *Cross & Roberts, Inc.* 287 Mass. 362, 363.

Since there was only one wrong, in which the mother did not personally participate, and legal satisfaction has been made for that wrong by the payment of the amount of the judgment in the case where the daughter was the defendant, the punitive requirements of the death statutes have been met. They do not require that a double penalty be exacted for a single wrong. The plaintiff is not entitled to payment by the insurer of the amount awarded as damages in the case where the mother was the defendant.

It is agreed that the plaintiff administrator recovered judgment, in the case in which the mother was the defendant, for the sum of $5,000 damages and $126 costs and interest. The plaintiff had the right to prosecute to final judgment both that action and the action in which the daughter was the defendant, although there can be satisfaction for damages in one action only. Since the actions were separate he also had the right to collect costs in both actions after he had obtained judgment in both. *Savage* v. *Stevens,* 128 Mass. 254, 255. *Ryan* v. *Annelin,* 228 Mass. 591, 592. The plaintiff is here entitled to reach and apply the obligation of the defendant insurer, under the policy it issued, for the satisfaction of so much of the judgment in the case in which the mother was the defendant as awarded $126 as costs to the plaintiff.

The decree is reversed and a decree is to be entered in favor of the plaintiff for the payment of $126 and costs.

*Ordered accordingly.*