## DeANGELO, Plaintiff-Appellee, v. W. T. GRANT COMPANY, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22411. Decided May 26, 1952.

Roth & Pollock, Cleveland, for plaintiff-appellee.
Davis & Young, Cleveland, for defendant-appellant.

### OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Common Pleas Court of Cuyahoga County. The action is one seeking damages for slander.

The defendant owns and operates a retail department store in Cleveland. The plaintiff, prior to the time of the incident

upon which this action is founded, was employed as a sales girl in the store of the defendant. On the 11th day of June, 1949, the plaintiff was called to the personnel supervisor's office at about 5:10 P. M., and dismissed from the service of the defendant.

The petition of plaintiff alleges that she was employed as a sales girl by the defendant. That while serving in that capacity the defendant, through its agent and manager of the department in which she was employed, maliciously published "slanderous matters concerning the plaintiff, concerning the shortages of money accounts allegedly caused by her in her department, that is to say, that she, meaning the plaintiff, is the person who caused such shortages and overdrafts in her accounts, while she was one of the cashiers and sales ladies in the employ of the defendant, thereby meaning that the plaintiff had feloniously taken money and/or mismanaged her accounts in the cash register of said corporation, the same being heard by divers persons. * * * Plaintiff further says that by reason of such slander, divers persons, particularly the Bogin Silk Underwear Company who would otherwise have employed the plaintiff, refused to do so and plaintiff has been unable to obtain other employment."

The answer of defendant admitted its corporate capacity, the character of its business, the operation of its store in Cleveland and the employment and discharge of the plaintiff, and then entered a general denial of all of the other allegations of the plaintiff's petition.

The plaintiff's evidence, which was supported by one other witness, a sales girl who had been discharged just before the plaintiff, and who claims to have been standing some thirty feet away in a hall leading to the personnel director's office, testified as to the alleged slander as follows:

"Well, I went into Miss Cragin's office and she started it. She opened it up. She said, 'Lucky (meaning the plaintiff) the register has been short, so we don't need you any more.' Well, when I heard that 'short' right away I thought that is stealing, so I ask her if she was accusing me of stealing that I wasn't a thief or crook and she said, 'that is just what I mean.' "

Plaintiff also called as her witness the personnel manager of the defendant, that is the person whom it is claimed made the foregoing statement while discharging the plaintiff, who denied making any such accusation and said, among other things in her testimony in chief:

"I told her that we were not accusing her of stealing; we thought it was carelessness; she was not accused of stealing."

The defendant claims the following errors:

1. That there is no evidence of publication of any alleged slanderous words.

2. That the allegations of the petition show that the occasion upon which the alleged slanderous words were used was such as to bring them, if made, within the rule of a "qualified privilege" and that there is no evidence of express or actual malice.

3. Error in the charge.

The first question presented in argument is,—on the state of the pleadings can the defendant now raise the legal defense that the alleged defamatory remarks come within the rule of a qualified privilege? It is the claim of the plaintiff that such a defense is affirmative and must be especially pleaded in the answer. This would be true were it not for the fact that the case stated in the plaintiff's petition is one coming within the doctrine of a qualified privilege. Under such circumstances a general denial is sufficient to present such issue.

In the case of **Post Publishing Co. v. Moloney, 50 Oh St 71** at **page 85** the court said:

"It is not contended that the publication in question was one of absolute privilege; and the facts which the defendant claims made it one of qualified privilege **not appearing in the petition** it becomes necessary to plead them by way of defense." (Emphasis added.)

Statements made in the course and scope of employer-employee relationship come within the doctrine of a qualified privilege. In the case of **McKenna v. Mansfield Leland Hotel Co., 55 Oh Ap 163,** the syllabus provides:

"The manager of a hotel, in the presence of the kitchen supervisor, and in the presence of no other person, charged a kitchen employee with larceny. Thereafter, being importuned by another person for a recommendation for the employee, the manager refused. Upon insistence for a reason for the refusal he repeated the larceny charge. HELD:

1. There was no such publication of the slanderous charge as to make it actionable.

2. The hotel manager, and the kitchen supervisor had a common interest to protect, and a communication made honestly by one to the other is privileged.

3. One answering an inquiry addressed to him about a former employee, is not liable to an action, when his answer is given honestly, even though it is incorrect.

4. Whether the occasion of a communication is such as to make it privileged, is a question for the court."

And at page 167 the court quotes from 98 A. L. R. 1301, as follows:

"The preponderance of authority supports the view that communications between an employer and an employee, or between two employees, concerning the conduct of a third employee or former employee, are qualifiedly privileged, and thus, even though such a communication contain matter defamatory to such other or former employee, he cannot recover in the absence of sufficient proof of actual malice to overcome the privilege of the occasion."

See also: 17 Ruling Case Law 341; 33 American Jurisprudence p. 124 parag. 126; 53 Corpus Juris Secundum p. 186, parag. 109.

The evidence of the plaintiff given in support of the issues presented by the pleadings, considered in its most favorable light to the plaintiff is to the effect that the communication complained of was given in answer to the plaintiff's question as to what was meant by the statement that "the register has been short." For this further reason the alleged slanderous statement was one of qualified privilege.

In the case of Christopher v. Akin, 214 Mass. 332, 101 N. E. 971, and reported in 46 L. R. A. (n. s.) 104, the syllabus provides:

"A statement by an employer who has been compelled to pay for property taken from a house where he was doing work, to an employee whom he discharged because he suspects him of having taken the property and from whose pay he has deducted its value, in response to a question as to the cause of the deduction that it was for property which the employee stole on the specified job, is privileged although made in the presence of other employees."

In the case of Montgomery Ward & Co. v. Watson, 55 Fed. Rep. (2d) 184, the court had for consideration a case where the manager of the employer, in discharging two employees, accused them of stealing some shirts. The court (Judge Parker of the Circuit Court of Appeals 4th Circuit, writing the opinion) in reversing the judgment of the trial court for refusing to enter a directed verdict said at page 18 of the opinion:

"Three questions, therefore, are presented for our consideration: (1) as to whether the occasion was privileged; (2) as to whether the publication exceeded that which the occasion justified; (3) as to whether there was evidence of express malice sufficient to take the case to the jury, notwithstanding the privilege. We think that all of these questions must be answered in favor of the defendant.

"As to the first question, there can be no doubt but that the occasion was one of qualified privilege. Such privilege

exists with respect to a statement where it concerns a matter as to which the person making it has a bona fide duty or interest and is made in good faith in the performance of the duty or the protection of the interest to a person having a corresponding duty or interest with relation thereto. * * *

"There was no evidence whatever of any such excessive publication as would defeat the defense of privilege. There was no publication at all except to the plaintiffs themselves, who were vitally interested in the matter, and to the office manager who had furnished the information upon which the investigation was commenced. It is clear that neither her presence nor that of the elevator boy destroyed the privilege of the occasion; for it is well settled that the casual presence of by-standers who overhear the communication, does not rob the occasion of the protection of privilege. 17 R. C. L. 344; 36 C. J. 1248; Newell On Slander & Libel (4th Ed) 394; New York & Porto Rico S. S. Co. v. Garcia, supra; Hartsfield v. Harvey C. Hines Co. 200 N. C. 356, 147 S. E. 16.

"Since, therefore, the occasion was privileged and the publication not excessive, plaintiffs are not entitled to recover, unless they can establish actual malice as the motive of the publication. In the case of a publication, not privileged of words actionable per se, malice need not be shown, but is implied in law from the publication itself. In the case of a privileged communication, however, express malice as distinguished from malice in law must be shown; that is to say, if the occasion be privileged, the plaintiff may not recover, although he proves that defendant used language actionable per se and that same was false, unless he goes further and shows that in using same, defendant was moved by actual malice, such as ill will, spite, grudge or some ulterior motive."

The plaintiff's pleadings and evidence having presented a cause of qualified privilege, it becomes a necessary part of her case to establish express malice and the court should have so charged the jury.

Coming therefore to the third claim of error, wherein at the conclusion of the general charge the defendant requested a charge on the question of privilege, such request should have been granted and the failure to do so constituted error prejudicial to the rights of the defendant.

Whether or not the evidence is sufficient to establish express malice is a question that should have been submitted to the jury. The court's general charge confined the evidence on this question to a determination of whether or not punitive damages should be assessed and told the jury that the plaintiff could recover actual damage by showing implied malice

which could be implied from the use of words which were actionable per se. This likewise was prejudicial to the rights of the defendant.

For the foregoing reasons, the judgment is reversed and the cause is remanded for further proceedings. Exc. Order see journal.

HURD, J, THOMPSON, J, concur.