*Northern District*
No. 6029
**BARATTA REALTY COMPANY**
**v.**
**JOHN A. BRANDANO**

*Present*: Eno, J. (Deceased) (Presiding), Connolly & Parker, JJ.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex. No. 2656 of 1964.

*Connolly, J.* The facts in this action on a judgment are described in the "Findings and Rulings" of the trial judge which are as follows:

"Plaintiff owned real estate adjoining real estate in which defendants, John F. Zamparelli and Mary B. Held, had an interest. These two persons engaged defendant Brandano to do excavating on their property which resulted in damage to the adjoining property of plaintiff.

"Plaintiff sued all three of the foregoing in one tort action asserting that defendants, their agents or servants negligently caused to be made a deep excavation as the result of which plaintiff's adjoining property was damaged. When the case came to trial only defendants Zamparelli and Held were present. Defendant Brandano was defaulted. Plaintiff recovered against defendants Zamparelli and Held by verdict of a jury in the amount of $1000. Judgment was entered against the two defendants in the sum of $1,118.26 without costs. An execution issued against them in the above amount and the execution was satisfied.

"Sometime later, judgment having been entered against defendant Brandano on default, damages were assessed against him

by a judge of the Superior Court in the amount of $6,000 to which were added interest and costs totaling $6,780.34. Plaintiff, having obtained an execution for that amount, is now suing on that judgment.

"The Brandano defense is that the three defendants were joint tortfeasors and that satisfaction of the judgment and execution in the other two cases bars any further recovery against Brandano.

"There is no clue as to whether the assessing judge knew of the previous verdicts and payments satisfying the execution against Zamparelli and Held nor as to his basis of calculating the amount of his finding. It seems clear that the parties were joint tortfeasors and that had all three defendants appeared for trial, the judgment would have had to be the same against all.

"On the other hand, here is an unsatisfied execution for $6,780.34 issued by the Superior Court. The question, therefore, is whether this District Court is compelled to recognize that execution and find in favor of plaintiff in the above amount or whether this court may hold, as a matter of law, that the satisfaction of the execution against Zamparelli and Held relieved defendant Brandano from further payment?

"Argument was offered that the Superior Court judge may for good reason have found that there was special and greater liability on defendant Brandano because he and his company were the ones who

actually caused the damage. The argument does not seem to me to hold water. Brandano was working for Zamparelli and Held just as the chauffeur of an automobile is serving his employer when he drives him around in his car. Both in the eyes of the law are liable in an equal amount in case of accident. That one joint tortfeasor may have greater responsibility for the accident is not ground for differentiating between the two when it comes to damages.

"On the other hand it can be argued that there is outstanding and unsatisfied an execution issued by the Superior Court which this court cannot go behind and must enforce. In support of this contention, it can be said that by defaulting in the first instance, and in the second instance when damages were assessed by failure then or duly thereafter to take appropriate steps to rectify what counsel now asserts to have been an improper assessment, Brandano has been guilty of laches and is estopped to take advantage of an otherwise valid defense.

"It is a close question. On the whole, I am not inclined to go behind the judgment and execution issued against defendant Brandano, although the assessment in Superior Court may have been inconsistent with the law of joint tortfeasor liability. The place to correct that inconsistency was in the court where the assessment occurred. The defendant has in effect been guilty of laches.

He had three opportunities to protect himself—first, when he failed to appear in the original suit and was defaulted. Again, when he failed to appear at the hearing on the assessment and once more after notice of the assessment itself.

"I find for the amount of the execution against defendant Brandano less the amount of the first execution against Zamparelli and Held in view of plaintiff conceding that this deduction is equitable under all of the circumstances."

The defendant filed a number of requests for rulings including the following:

No. 17.   A release of one of several joint tortfeasors operates to discharge all. *Matheson v. O'Kane,* 211 Mass. 93.

No. 18.   A satisfaction of judgment against John F. Zamparelli and Mary B. Held, or either of them, in said Middlesex Superior Court case number 227192 acts as a discharge or release of John A. Brandano a/k/a, and the judgment and execution which issued against him in said Middlesex Superior Court case number 227192.

No. 19.   A satisfaction from one discharges all, as the plaintiff has only a single cause of action and is entitled but to one satisfaction in damages. *Matheson v. O'Kane,*

supra; *Brewer v. Casey,* 196 Mass. 384.

No. 20. A release or satisfaction of judgment against one or more which discharges the liability of one joint tortfeasor released the others, since their liability is one and indivisible and is necessarily destroyed by the discharge of one. *Matheson v. O'Kane,* supra.

The trial judge disposed of these requests in this manner: "No. 17-20 granted as a general statement of law but not applicable to this case."

We think this was prejudicial error; that the requests were applicable to this case; that the satisfaction of one judgment was the legal equivalent of payment of the other and the fact that an execution had issued on the other (the judgment in suit) would not affect its status.

We quote from "Restatement of the law of Judgments" section 95-b (emphasis added).

"The discharge of a judgment against any one of several persons liable for a single harm or breach of duty, owed by all, discharges the others *except for costs in actions begun against the others.* Likewise, a payment in full by or on behalf of one of the judgment debtors which is accepted by the judgment creditor discharges the others except for costs. *This is true* where no judgment has been obtained against the

other obligors, *where judgments have been obtained against the other obligors either for the same amount or for larger amounts in separate actions,* and where judgments have been obtained against the others in the same action. It is immaterial whether the one paying was, with reference to the one who has not paid, primarily or secondly liable (see Restatement of Restitution §147(3) and Restatement of Torts §886)."

The satisfaction of one of two separate judgments obtained on the same demand or cause of action against different obligors discharges both. Thus, although separate judgments may be rendered against joint tortfeasors, there can be but one satisfaction. The general rule is that judgments against joint tortfeasors are deemed satisfied by satisfaction of a judgment against one of the joint tortfeasors.

This rule has been applied even where the judgments differed in amount and the acceptance was under a stipulation that it should not be considered as a release against the other. 30A American Jurisprudence, §1007; *Leonard v. Lumbermen's Mut. Cas. Co.,* 298 Mass. 393, 395; *Ryan v. Annelin,* 228 Mass. 591; *Savage v. Stevens,* 128 Mass. 254.

Although the plaintiff is limited to but one satisfaction in damages, he is entitled to his costs in each of the cases he has prosecuted to judgment. *Savage v. Stevens,* 128 Mass. 254; *Leonard v. Lumbermen's Mut. Cas. Co.,* 298 Mass. 393, 396.

*The finding for the plaintiff is vacated. The case is remanded to the First District Court of Eastern Middlesex for determination of the costs of the judgment in suit.* A new finding is to be entered for the plaintiff in the amount of those costs together with interest from the date of judgment. The plaintiff is entitled to costs in the present action.

Joseph E. Levine for the Defendant.

Elihu Pearlman for the Plaintiff.

A release (not a covenant not to sue) releases a joint, concurrent or successive tortfeasor. So, a release of a successive tortfeasor discharges the original wrongdoer and *vice versa. Boston Supply Co. v. Rubin,* 214 Mass. 217 (Where salesman wrongfully converted goods of his employer and pawned them with a pawnbroker. Thereafter, the salesman made a complete settlement with the employer. This settlement in legal effect released any claim against the pawnbroker).

In *Muse v. Devito,* 243 Mass. 384, the court said at 388 and 389:

" . . . The effect which the law attaches to a release discharging the liability of a wrongdoer. is the release of other tortfeasors who are jointly liable for the injury. This rule apparently is based upon the nature of their liability, which is one and indivisible. Accordingly, if one of them is discharged, or satisfies the cause of action, there remains no foundation for an action against any one. This rule applies not only to joint torts, strictly so called, but also to cases where the negligent acts of two or more persons operate concurrently to the injury of another, so that in effect the damages sustained are rendered inseparable. *Brown v. Cambridge,* 3 Allen 474. See: *Feneff v. B & M RR.,* 196 Mass. 575. In the application of this rule of law, where the release is absolute and unconditional, it must be given its full effect, and cannot be varied by parol evidence

introduced to show that the plaintiff intended to reserve whatever rights she had against this defendant. *Boston Supply Co. v. Rubin,* 214 Mass. 217, 221. Nor is it material whether McMaster from whom she obtained a settlement in good faith, would have been legally liable for the injury. *Brown v. Cambridge,* supra; *Brewer v. Casey,* 196 Mass. 384. This is not a case where the injured person has given to one of the joint wrongdoers a mere agreement not to sue, without discharging the cause of action. *Matheson v. O'Kane,* 211 Mass. 91; *Johnson v. Von Scholley,* 218 Mass. 454; *O'Neil v. National Oil Co.,* 231 Mass. 20. See: *Connors v. Richards,* 230 Mass. 436."

The judgment against the original tortfeasor, when satisfied, includes in contemplation of law, as it doubtless does in fact, compensation for all the injuries for which the plaintiff seeks recovery against the physician. *Sacchetti v. Springer,* 303 Mass. 480, 481; *Chelsea Moving & Trucking Co. v. Ross Towboat Co.,* 280 Mass. 282, 285, 286; *Magaw v. Beals,* 272 Mass. 334, 338; *Shapiro v. Park Trust Co.,* 253 Mass. 283, 289; *Canning v. Shippee,* 246 Mass. 338, and cases cited; *Cole v. Bay State St. Ry.,* 223 Mass. 442; *Cote v. N.E. Nav. Co.,* 213 Mass. 177, 180; *Bliss v. N.Y.C. & H.R. RR.,* 160 Mass. 447, 455, and cases cited.

The injured person has no right to be satisfied twice. *Sacchetti v. Springer,* 303

Mass. 480, 481, 482; *Leonard v. Blake,* 298 Mass. 393; 166 ALR 1099.

An employee's acceptance of a compensation award bars an action against the attending physician whose treatment aggravated the original injury. *Sacchetti v. Springer,* 303 Mass. 480, 481, 482; *Makarenko v. Scott,* W. Va., 55 SE 2d 88.

*In fine,* acceptance of payment or other satisfaction of a judgment against one or more joint, concurrent or successive tortfeasors is a bar to any further proceedings against any of the other tortfeasors for the same tort. Restatement, Torts, §886. However, this rule does not apply in death cases where each tortfeasor may be held individually liable for the full amount of the maximum statutory penalty. *Porter v. Sorell,* 280 Mass. 457.